(24 Misc. Rep. 102.)

NEW YORK LIFE INSURANCE & TRUST CO. v. SANDS et al.

(Supreme Court, Special Term, New York County.    June, 1898.)

1. WILLS—TRUST FUND—SETTING APART.
   The conditions of a will required the executors to set apart and invest a sum to produce an income for certain life beneficiaries to be paid quarterly, the first payment to be made three months after testator's death. *Held*, that it was the duty of executors to set apart the fund immediately on testator's death.

2. SAME—NET INCOME.
   By the term "net income," used to designate the amount to be paid to a life beneficiary, is meant the income after the payment of taxes, commissions, and a reasonable allowance for disbursements of the trustee in the execution of his trust, and, if the investment be in secur.ties purchased at a premium, only such part of the proceeds therefrom can be counted as income as will leave the fund unimpaired at the maturity of the investment.

3. SAME—INVESTMENT OF TRUST FUND.
   Executors empowered to invest a fund for life beneficiaries should take into consideration contingencies in the investment market that are reasonably probable within the life of the beneficiary.

4. SAME—DETERMINATION OF TRUSTEE.
   The determination as to the amount of a fund to be invested to produce a specified income, reached by a trustee within the bounds confided to him by a testator, is binding on all the parties.

Action by the New York Life Insurance & Trust Company, as executor, etc., of Richard Augustine Smith, deceased, against Letitia C. Sands and others, for the construction of a will.

Duer, Strong & Jarvis (A. Pennington Whitehead, of counsel), for plaintiff.
Albert R. Genet, for defendants Gumbes and others.

George Waddington, for defendants Sands and others and guardian ad litem.

Young, Verplanck & Prince, for defendant Rhinelander.

Pennington Whitehead, for defendant Campbell.

John Mason Knox, for defendant Allen.

Edo. E. Mercelis, for defendant Coe, guardian ad litem.

SMITH, J.  The plaintiff asks the court's construction of the following clauses in the will of Richard Augustine Smith:

"I authorize and empower my said executors to sell and convert into money all my said real and personal estate, at such time or times as they shall deem proper (meanwhile), collecting and applying the rents of any real estate owned by me, not, however, conflicting with the provisions of the fourth clause herein, and out of the said residuary estate to create, hold, and maintain the following funds in trust for the purposes hereinafter set forth: (1) I direct my executors to set apart and to invest a fund sufficient to raise a net annual income of $5,000, and to hold the same in trust and to receive the income thereof, and to pay the same over in equal quarterly payments to my niece Letitia C. Sands, widow of Charles E. Sands, during her natural life, the first of said quarterly payments to be made three months after my death. Upon the death of my said niece, the principal of the fund which has produced said income shall thereupon be paid over by my executors, in equal shares, to her daughters Letty and Edith Sands and her son Edwin Sands. The share of each one of said children of Letitia C. Sands who may have died before the said Letitia shall fall into my residuary estate. (2) I direct my executors to set apart and to invest a fund sufficient to raise a net annual income of $10,000, and to hold the same in trust and to receive the income thereof, and to pay the same over in equal quarterly payments, to my niece Mary Jacquelin Smith, wife of Laroche Jacquelin Smith, during her natural life, the first of said quarterly payments to be made three months after my death. Upon the death of my said niece, the principal of the fund which has produced said income shall thereupon be paid over by my executors, in equal shares, to her daughters Sally and Gladys. The share of each one of said daughters who may have died before the said Mary Jacquelin Smith shall fall into my residuary estate. (3) I direct my executors to set apart a fund sufficient to raise a net annual income of $9,000, and to hold the same in trust, and to receive the income thereof, and to pay the same over in equal quarterly payments to my niece Elizabeth Hildeburn Janeway, wife of John L. Janeway, during her natural life, the first of said quarterly payments to be made three months after my death. Upon the death of my said niece, the principal of the fund which has produced said income shall thereupon be paid over by my said executors in equal shares to her children now living, if living at the time of her death. The share of each one of the said children who may have died before the said Elizabeth Hildeburn Janeway shall fall into my residuary estate. (4) I direct my executors to set apart and to invest a fund sufficient to raise a net annual income of $1,000, and to hold the same in trust, and to receive the income thereof, and to pay the same over in equal quarterly payments to Mary S. Barker, daughter of my niece Elizabeth Hildeburn Janeway, and wife of Dr. Wharton Barker, during her natural life, the first of said quarterly payments to be made three months after my death." "(7) I direct my executors, after the creation of the separate funds hereinbefore provided for, to pay over all the remaining part of my said residuary estate at once, in equal shares, to John Campbell Sm'th and Augustine Jacquelin Smith, sons of Mary Jacquelin Smith, and as each of the various funds hereinbefore created shall, under the provisions of this will, fall into my residuary estate, said fund shall thereupon at once be divided in equal shares between the said John Campbell Smith and Augustine Jacquelin Smith. If either of them should not be living at the time of my death, then the other shall be the sole legatee under this seventh clause of my will. (8) I direct my said executors, after the creation of the various funds hereinbefore provided for, to invest, and keep invested, each of said

funds separately, in such securities as executors and trustees are authorized by the laws of the state of New York to invest in, or in such securities as I may leave my estate invested in, altering the investment thereof from time to time, as they think proper."

The complaint prays:

"That this court determine and decide what principal sum is to be set aside, retained, and held in trust by the plaintiffs for the benefit of the defendant Letitia C. Sands and the remainder-men, and what income is to be paid to the said Letitia C. Sands; what principal sum is to be set as·de and retained by the plaintiffs upon the trusts created for the benefit of the defendant Mary Jacquelin Smith and remainder-men, and what income is to be paid to the said Mary Jacquelin Smith; what principal sum is to be set aside and retained by the plaintiffs for the defendant Elizabeth Hildeburn Janeway and remainder-men, and what income is to be paid to the said Elizabeth Hildeburn Janeway and remainder-men; and what principal sum is to be set aside and retained by the plaintiffs in trust for the benefit of the defendant Mary S. Barker and remainder-men, and what income is to be paid to the said Mary S. Barker,—and that a decree be made passing the accounts of these plaintiffs."

From the language used, the testator has clearly directed that, at once after his death, from his residuary estate shall be separated the several funds that shall produce the incomes which shall go to the life beneficiaries. The residue shall at once be paid to the residuary legatees. No direction is found in the will for the payment to the residuary legatees of any part of the fund so separated or of any part of its income. The fixed sum named in the trust is the measure of the fund to be separated. The income of that fund, whether greater or less than that sum, must go to the life beneficiary, and that fund is the bequest to the remainder-men. To determine the specific fund that shall be separated for the specific bequests is a matter of much delicacy. The separation is to be made at once. The securities in which investment may be made are as a class known. That fund, then, should consist of such an amount as will, with the best safe investments available, produce the net income named. "Net income" means, I apprehend, the income after the payment of taxes, commissions, and a reasonable allowance for the disbursements of the trustee in the execution of his trust. If the investment be in securities purchased at a premium, only such part of the proceeds therefrom can be counted as income as shall leave the fund unimpaired at the maturity of the investment. But the net income named is to be produced for the life of the life beneficiary. Consideration should, therefore, be had for any contingencies in the investment market that are reasonably probable within the life of the beneficiary named. The fund is not to be so created, however, as to yield the income named in all possible contingencies. As the fund is to be now separated, reasonably probable contingencies are alone to be considered. The chance of gain or loss is then with the beneficiaries of the fund. Within these rules, the determination of the amount of the fund so to be separated is given by the testator, not to the court, but to the trustee. This is confided to its judgment. Such determination, reached upon proper principles, is binding on all parties. In the decree may be reserved the right to ask the construction by the court of

any questions that may hereafter arise in the execution of the trust. Account may be stated before Henry S. Van Duzer, as referee. Plaintiff will submit a form of decision and judgment, which will be settled on notice.    Ordered accordingly.