In the Matter of the Testamentary Trust Created by the Will of PATRICK F. SHEA, Deceased, for the Benefit of ELLEN SHEA HURLEY and Others.

CATHERINE I. HEATH, Appellant, Respondent; ST. MARY'S ORPHAN HOME, Respondent, Appellant; PEOPLES TRUST COMPANY, Cotrustee, and Others, Respondents.

In the Matter of the Testamentary Trust Created by the Will of PATRICK F. SHEA, Deceased, for the Benefit of JOSEPH V. GRIFFITH and Another.

JOSEPH V. GRIFFITH, Appellant, Respondent; ST. MARY'S ORPHAN HOME, Respondent, Appellant; PEOPLES TRUST COMPANY and Another, Cotrustees, Respondents.*

Third Department, December 30, 1931.

* Modfg. 140 Misc. 710.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* of counsel], for the appellants, respondents, Catherine I. Heath and Joseph V. Griffith.

*John H. Mangan*, for the respondent, appellant, St. Mary's Orphan Home.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the respondent Peoples Trust Company, as cotrustee.

RHODES, J. There are presented two appeals upon separate records from separate decrees of the surrogate of Broome county, construing separate trust provisions in the will of Patrick F. Shea, deceased. The appeals were argued together and for convenience both will be discussed in this opinion, as they involve the same question.

By the will of the testator, so far as material here, he gave to his sister-in-law, Nora V. Griffith, and her husband, Joseph V. Griffith, and the survivor of them, a house and lot for life and upon the death of the life beneficiaries he gave said premises to St. Mary's Orphan Home of Binghamton. He then gave all the rest. residue and remainder of his estate to the Peoples Trust Company of Binghamton, N. Y., and said Joseph V. Griffith, in trust, to divide into three portions or shares of equal value, the different portions being designated as A, B and C. The trust set forth in paragraph A is not here involved. Paragraph B is as follows: " To take, hold, invest and keep invested the second of such portions and to collect and receive the income, rents, issues and profits therefrom and to pay over as much of the same as in their judgment shall be deemed necessary for the comfortable maintenance and support of my beloved sister-in-law Nora V. Griffith and her husband Joseph V. Griffith, as long as they or the survivor of them shall live, such sums to be paid over in monthly payments on the first day of each and every month. Should the said income derived from said portion not be sufficient for the comfortable support and maintenance of my said sister-in-law and her said husband, or the survivor of them, I hereby authorize and empower my said trustees

to use such portion of the principal as in their judgment may be necessary. Upon the death of my said sister-in-law, Nora V. Griffith and her husband, Joseph V. Griffith, I give, devise and bequeath all sums remaining from this said portion of my trust estate, unto the St. Mary's Orphan Home of Binghamton, N. Y."

Paragraph C is identical in language except that the life beneficiaries named therein are Ellen Shea and Catherine I. Heath.

Testator died March 16, 1927. The said trustees were named as executors in said will, qualified as such, and their accounts have been judicially settled, the decree on such final settlement fixing the amount belonging to each of said trusts. It appears that there was in trust B, for the benefit of said Joseph V. Griffith, $13,589.20, principal, yielding an annual income of $785. Trust C, for the benefit of Ellen Shea Hurley, amounts to $14,080.90, principal, yielding an annual income of $815. Nora V. Griffith, one of the life beneficiaries under trust B, the wife of Joseph V. Griffith, is now dead. Ellen Shea, one of the *cestuis que trustent* under trust C, has married and her present name is Ellen Shea Hurley.

Ellen Shea Hurley and Catherine I. Heath, *cestuis que trustent* under trust C, in April, 1929, filed a petition with the said surrogate setting forth in substance that the interest from said trust was insufficient; that petitioners had requested the trustees to pay over to them out of the principal an amount together with the income sufficient for their comfortable support and maintenance; that Joseph V. Griffith, one of the trustees, is willing to make such payments, but that the said trust company, the other trustee, has refused to exercise its said power and discretion or to make any allowance out of principal therefor without an order of the court. At the same time the said Joseph V. Griffith filed a petition with the surrogate setting forth substantially the same facts relative to the trust for his benefit, each petition requesting an order requiring the trustees to show cause why they should not pay over to the petitioners an amount sufficient for their comfortable support and maintenance out of the respective trusts. After hearings at which . all necessary parties, including St. Mary's Orphan Home, the contingent remainderman, were present, the surrogate rendered his decision and made a decree construing the trusts. He determined correctly that the *cestuis que trustent* are entitled to the comfortable support and maintenance out of said trust funds irrespective of whether said *cestuis que trustent* possess property of their own available for such support. (*Holden* v. *Strong*, 116 N. Y. 471; *Rezzemini* v. *Brooks*, 236 id. 184.) In addition he determined, in the case of Joseph V. Griffith, that fifteen dollars per week payable monthly is necessary for his comfortable support and maintenance in addi-

tion to whatever sums he may actually disburse for taxes, insurance premiums on and repairs to the premises devised to him at 103 Eldredge street, Binghamton, N. Y.; that the sum of fifteen dollars per week after deduction of commissions is a fair and proper sum to be paid to Catherine I. Heath for her comfortable maintenance and support; and that the sum of ten dollars per week is sufficient for the support and maintenance of Ellen Shea Hurley, who is now an inmate of the Good Shepherd Home at Buffalo, so long as her present condition continues, the parties herein having entered into a written stipulation as to the amount necessary for Ellen Shea Hurley.

It appears that Joseph V. Griffith possesses a substantial amount of property of his own, but the record shows that the amount necessary for his comfortable support and maintenance is considerably in excess of the amount of fifteen dollars per week allowed to him by the surrogate.

As to Catherine I. Heath, it appears that she owns premises consisting of a lot and a seven-room house where she lives, which property was conveyed to her by the testator prior to his death, and that the amount necessary for her comfortable support and maintenance is considerably in excess of the fifteen dollars per week awarded her by the surrogate.

The *cestuis que trustent*, Joseph V. Griffith and Catherine I. Heath, under said trusts B and C, appealed from said decision of the surrogate on the ground that the allowances made payable out of the respective trusts are inadequate. Cross-appeals have been taken by St. Mary's Orphan Home on the ground that no allowance should be made to any beneficiary in excess of the said interest derived from the trust fund and asking for the removal of said Griffith as trustee. The trust company, as co-trustee, simply presents the case to the court for determination without expressing any opinion on the merits thereof.

The decision of the surrogate fixing a specific amount to be paid in monthly installments to the respective *cestui que trustent*, was not required nor proper on the facts presented here. The presumption is that the testator selected his trustees for the purpose of having the benefit of their judgment and discretion. Upon accepting the office, the duty devolved upon them to execute the trusts in the manner directed by the testator. The court should not be burdened with the duty of administration, nor required, nor permitted to substitute its judgment and discretion for that of the trustees so long as they act within proper limits; nor in any event until there is an entire failure or refusal on the part of the trustees to perform their duty. Here there is no such refusal. One trustee

desires to act and exercise his discretion; the other is willing to do so upon receiving proper directions and instructions from the court. The trustees properly applied to the court for a construction of the trusts and for directions. The trust has been construed and the power of the trustees determined. Within the limits of those powers the trustees must act and the court should not be called upon further than to construe, direct and supervise to the extent that the acts done be kept within the limits of the powers of the representatives of the estate duly authorized and selected. As was said by Mr. Justice WALTER L. SMITH in *New York Life Ins. & Trust Co.* v. *Sands* (24 Misc. 102): "Within these rules the determination of the amount of the fund so to be separated is given by the testator not to the court, but to the trustee. This it confided to its judgment. Such determination reached upon proper principles is binding on all parties."

In *Rothschild* v. *Schiff* (188 N. Y. 327) the court said: "But, as we have seen, the power and the duty is with the trustees, and we must assume that at the proper time they will discharge their duties under the trust without interference on the part of the court. If, however, they should not execute the trust and the estate should become vested in the Supreme Court, it will then be time for the court to assume jurisdiction and execute the trust."

It is for the trustees to determine the amount necessary for the comfortable support and maintenance of the respective *cestuis que trustent* in accordance with their station in life, and if within those limits the trustees act faithfully and diligently, the courts will view their acts with indulgence and will not hold them responsible for mere mistakes or errors of judgment. (39 Cyc. 295.) (See, also, *Roosevelt* v. *Roosevelt*, 6 Hun, 31; affd., 64 N. Y. 651; *Holden* v. *Strong, supra.*)

The determination of the surrogate is substantially the same as if he had construed the provision of the trust to provide a payment of only fifteen dollars per week to each life beneficiary. This is entirely different from the declared intention of the testator. If the testator had intended to provide a specific and definite sum to be payable to the life beneficiaries, undoubtedly he would so have declared. But the provisions of the trusts manifest an entirely different intention by which he vested the discretion in his trustees to make payments in accordance with the varying needs and possible changes in the situation and condition of the life beneficiaries.

The decrees in so far as appealed from should be modified by striking out the provision fixing the specific amounts payable to the *cestuis que trustent* who have appealed and should direct such

trustees to pay over to said *cestuis que trustent,* first from the income, then from the principal, so far as required, the amount necessary for their support and maintenance from the date of the setting up of the trust, pursuant to the decree of the surrogate settling the accounts of the executors herein, less deductions for any amounts already paid over to said beneficiaries.

St. Mary's Orphan Home, the remainderman, is not entitled to any estate in the property of the testator save only in the event that upon the death of the life beneficiaries a part of the principal then remains undisposed of. (*Rezzemini* v. *Brooks, supra.*)

So far as appears, the trustee Griffith desires to pay over to the life beneficiaries only the amounts authorized and directed by the terms of the will, and there is no warrant for the assertion on the part of the remainderman that the proceedings brought herein by the trustee Griffith are an attempt to loot the estate and nothing to support the claim that such trustee should be removed.

The decrees of the surrogate appealed from should be modified as herein directed and the matters remitted to the surrogate to proceed in accordance with this opinion, with costs to the appellant Joseph V. Griffith out of the trust fund created for his benefit, and with costs to the appellant Catherine I. Heath out of the trust fund created for her benefit.

All concur.

In first proceeding: Decree modified in accordance with opinion and matter remitted to the surrogate to proceed in accordance with such modification, with costs to the appellant Catherine I. Heath out of the trust fund created for her benefit.

In second proceeding: Decree modified in accordance with opinion and matter remitted to the surrogate to proceed in accordance with such modification, with costs to the appellant Joseph V. Griffith out of the trust fund created for his benefit.