In the Matter of the Intermediate Judicial Settlement of the Account of Proceedings of THE MANUFACTURERS NATIONAL BANK OF TROY, as Trustee of the Trust Created in and by Subdivisions 5 and 6 of Paragraph 3 of the Last Will and Testament of FREDERICK R. MARTIN, Deceased.

MARGARET C. MCDONNELL, Appellant; THE MANUFACTURERS NATIONAL BANK OF TROY, as Trustee, etc., and Another, Respondents.

Third Department, June 27, 1935.

*Mackrell & Ranney* [*John J. Mackrell* of counsel], for the appellant.

*Murphy, Aldrich, Guy & Broderick,* for the respondent Manufacturers National Bank of Troy, N. Y.

*James V. Coffey* [*Eugene V. Coffey* with him on the brief], for the respondent The Home for the Aged of the Little Sisters of the Poor of Troy, N. Y.

RHODES, J. The appeal herein brings up for review a portion of the decree of the surrogate whereby he assumed to exercise the discretion vested in the testamentary trustee by the will of testator herein.

By said will provision was made for testator's aunt, Sabina L. Curley, who predeceased him, and we are, therefore, concerned only with the provisions of his will making disposition of his property after her death. So far as material, they are as follows:

" 5. All the rest, residue and remainder of said trust fund, I direct said Trustees to continue to hold and keep invested as aforesaid and to pay over to my cousin, Margaret C. McDonnell, who now resides at No. 141 Third Street, Troy, N. Y., the net income thereof, in quarter-yearly installments, and such part of the principal thereof as she may require for her care, support and comfort, during her natural life.

" 6. Upon the death of my said cousin, Margaret C. McDonnell, I give, devise and bequeath the principal of the trust estate hereby created, as the same shall then exist after such withdrawals of principal of the trust estate as are herein provided for, to the Little Sisters of the Poor, a charitable organization having a home for the aged on Ninth Street, in the City of Troy, N. Y."

In 1927 the testamentary trustee herein filed its supplemental account for settlement, and the beneficiary appellant herein petitioned for a decree directing the trustee to pay her under the provisions of the said will the sum of $8,000 per annum.

A hearing was had upon the matter and the record discloses that in connection therewith the following stipulation was made: "All

parties interested agree that the matter should be submitted to the court for such order as the court believes just and proper under the circumstances."

Thereupon the court made a decree which, so far as material, directed, " that the sum of Four thousand dollars per annum be and it hereby is fixed as sufficient for the care, support and comfort of said Margaret C. McDonnell, the said Margaret C. McDonnell, however, to have all income earned by the said trust fund if said income exceeds the sum of $4,000, or if the income should be less than $4,000 the trustee is authorized and directed to pay to the said Margaret C. McDonnell quarterly on the first days of October, January, April and July in each year such a sum from the principal of the trust fund as will equal the sum of $4,000 per annum; and that any party interested in the estate may apply hereto for a modification of this provision of the decree upon proper notice."

In 1934 the trustee petitioned for an intermediate judicial settlement of its account subsequent to the prior decree, and thereupon the Home for the Aged of the Little Sisters of the Poor of Troy, N. Y., the residuary legatee, respondent herein, filed its petition praying that the above provision of the decree of 1927 be modified so as to provide that only the income of said trust fund be paid to said Margaret C. McDonnell. An answer was interposed by said Margaret C. McDonnell, and after hearings had a decree was granted and entered by the surrogate on December 27, 1934, modifying the said provisions of the decree of 1927, and providing as follows:

" Ordered, Adjudged and Decreed, that the sum of $2,800.00 per annum be and it hereby is fixed as sufficient for the care, support and comfort of said Margaret C. McDonnell, said Margaret C. McDonnell, however, to have all income earned by the said trust fund if said income exceeds the sum of $2,800.00, or, if the income should be less than $2,800.00, the Trustee is authorized and directed to pay to the said Margaret C. McDonnell quarterly, on the first days of January, April, July and October, in each year, such sum from the principal of the trust fund as will equal the sum of $2,800.00 per annum, and that any party interested in the estate may apply hereto for a modification of this provision of the decree upon proper notice, and that the foregoing modification shall be effective only beginning January 1st, 1935, and as to all payments made upon income accruing subsequent to the 1st day of January, 1935."

It is from so much of this decree as modifies the decree of 1927 in the respects indicated, that the appeal herein comes on.

The rule is so well established that it may be said to be fundamental and elemental that courts will not substitute their judgment

for the discretion fairly exercised, which is lawfully reposed in officials, boards or tribunals. This rule has long been applied to the office of executor and trustee. The reason therefor is well stated in *Proctor* v. *Heyer* (122 Mass. 525). The court there said: " The questions relate to the administration of a trust, in respect to matters which the testator has expressly confided to the wise discretion of trustees selected by himself. There is no suggestion, from any quarter, that they are likely to abuse that trust by an arbitrary or capricious exercise of authority. The judgment of this court cannot be substituted for the discretion of the trustees, reasonably and fairly exercised."

Attention was called to this rule in *Matter of Shea* (234 App. Div. 176), and it is unnecessary to add to what was said on the subject therein.

It is proper that the trustee should be instructed by the court as to the meaning of the terms of the will and as to the scope and limitation of the power of the trustee thereunder, but the court having given such instruction, should not then attempt to usurp or exercise the discretion confided to the trustee. In this connection a question has been raised concerning the construction of the said trust clause, which should now be decided.

It is argued in behalf of the respondent that the corpus of the trust may not be invaded for the support of the beneficiary unless she has no resources of her own available therefor.

The decree of 1927 and the decree appealed from do not in terms thus limit her right to have devoted to her support a portion of the principal. In this the learned surrogate was correct. She is entitled to support and maintenance out of the trust fund, irrespective of whether she possesses property of her own available therefor. (*Holden* v. *Strong*, 116 N. Y. 471; *Rezzemini* v. *Brooks*, 236 id. 184.) (See cases cited and discussed in *Matter of Gatehouse*, 149 Misc. 648.)

The respondents argue that the surrogate was authorized and justified in attempting to decide how much should be paid to Margaret McDonnell out of the trust fund by virtue of the stipulation above referred to by which all parties previous to the making of the decree in 1927 consented that the matter should be submitted to the court, " for such order as the court believes just and proper under the circumstances."

As to the payments already made by the trustee to the beneficiary pursuant to that decree, the beneficiary is not in a position to raise any question. The trustee followed the suggestion of the court as expressed in the decree. The payments thus made by the trustee must be deemed to have been made by it in the exercise of its proper

discretion, buttressed by the judgment of the court. Even though such decree exceeded the power of the surrogate to command, there is no question that it was made in furtherance of what the learned surrogate deemed for the best interest of the parties, and that the trustee acted thereunder in the utmost good faith.

A different situation is presented, however, as to future payments, which question is directly raised by this appeal. Even if it be assumed that by the stipulation the surrogate had power to substitute his discretion for that which should have been exercised by the trustee, the decree of 1927 expressly provided that any party interested in the estate might apply to the court for a modification of such provision of the decree. Under the changed circumstances which have occurred since the entry of that decree, and by the very terms thereof, the appellant beneficiary should not be precluded from now asserting her right to have the trustee exercise its discretion and perform the duties imposed upon it by the testator's will.

Furthermore, the terms of the stipulation, even if valid and binding, related only to the decree to be entered in the proceeding in 1927; neither their language nor their intent should be stretched by interpretation to embrace matters not plainly contemplated.

There is, however, a more impelling and cogent reason supporting the appellant's objection to the usurpation of the functions of the trustee by the court. It has been said that such an attempt on the part of the court is beyond its authority and jurisdiction; that where jurisdiction is lacking it cannot be conferred by consent, and that it is the duty of the court to consider the question of its own motion.

In *Hill* v. *Moors* (224 Mass. 164; 112 N. E. 641) the court said: " It has accordingly been held by this court that trustees under a will are not entitled to instructions * * * with reference to questions relating to the administration of a trust where the trustees were authorized to exercise their discretion with reference thereto. (*Proctor* v. *Heyer*, 122 Mass. 525.) * * *

" Unless a petitioner for instructions has real and serious doubts as to his duty, and the advice of the court is required for his protection and the discharge of his trust, the court is without jurisdiction to entertain such a petition. * * *

"Although no question of jurisdiction has been raised by the defendants and they have appeared and answered to the merits, still it is the duty of the court to consider the question of its own motion; even the consent of the parties cannot confer jurisdiction."

That is the situation here. The court, being without authority to substitute its judgment for the discretion of the trustee, the

parties could not confer such authority upon the court and the stipulation in that respect was, therefore, ineffectual to permit the court to render that portion of the decree herein which is appealed from.

The decree, in so far as appealed from, should be modified by striking out the provision fixing the specific amounts payable to the beneficiary appellant, and should direct the trustee to pay over to said beneficiary the whole of the net income thereof as provided in said will, and in addition thereto, such part of the principal thereof as in the judgment and discretion of said trustee may be required for her care, support and comfort, and as thus modified the decree should be affirmed.

The matter should be remitted to the surrogate to proceed in accordance with this opinion, with costs to all parties filing briefs payable out of the estate.

McNAMEE, CRAPSER and BLISS, JJ., concur; HILL, P. J., votes for reversal of decree appealed from without direction as to the earlier decree.

Decree in so far as appealed from should be modified by striking out the provision fixing the specific amounts payable to the beneficiary appellant, and matter remitted to the Rensselaer county surrogate and should direct the trustee to pay over to said beneficiary the whole of the net income thereof as provided in said will, and in addition thereto such part of the principal as in the judgment and discretion of said trustee may be required for her care, support and comfort, and as thus modified the decree is affirmed. Matter remitted to the Surrogate's Court to proceed in accordance with opinion, with costs to all parties filing briefs payable out of the estate.