In the Matter of the Judicial Settlement of the Accounts of FIRST TRUST & DEPOSIT COMPANY, as Trustee under the Last Will and Testament of J. ARTHUR CLARK, Deceased, etc.— Decree so far as appealed from modified on the law and facts and as modified affirmed, with costs to the appellants payable out of the estate. Memorandum: Mrs. Clark has been wholly incompetent to manage herself or her affairs since 1934 to the knowledge of the trustee. Notwithstanding, the trustee paid over to her the entire income of the trust amounting to $2,700 per year and in addition it paid to her $1,900 out of the principal of the trust. The trustee has permitted a niece of Mrs. Clark to disburse this money without adequate supervision on its part or security on her part. This niece also has expended $720 annually from the private income of Mrs. Clark for her care and maintenance. The evidence discloses that five to six adults, three of them relatives of Mrs. Clark, have been continuously employed by this niece to care for Mrs. Clark, who spends twenty-two of the twenty-four hours each day in bed. These people have, either in whole or in part, been fed, housed and paid out of Mrs. Clark's funds except this niece has drawn no salary. No objections were filed in respect to the amounts expended for Mrs. Clark's maintenance except as to the $1,900 of principal. This item of principal was advanced without the trustee having made adequate investigation as to the necessity for an invasion of the principal. The niece asked for it and the trustee paid it over. The trustee has administered this trust in a careless and negligent manner. No question as to the trustee's right to commissions or attorney's fees has been raised and the propriety of their allowance by the learned surrogate is not before us. Disbursements from the principal of a trust fund will be closely scrutinized and, unless legally made, will be disallowed. (*Matter of Martin*, 269 N. Y. 305, 312; *City Bank Farmers Trust Co.* v. *Smith*, 263 id. 292, 295; *Matter of Shea*, 234 App. Div. 176, 180; *Matter of Wentworth*, 230 N. Y. 176; *Matter of Flood*, 127 Misc. 797, 799; affd., 216 App. Div. 711; affd., 243 N. Y. 598; *Matter of Wilkin*, 183 id. 104, 113; *Matter of Warner*, 53 App. Div. 565, 571.) All concur. (The portion of the decree appealed from judicially settles

the trustee's account and construes a will.) Present — Crosby, Cunningham, Taylor and Dowling, JJ.