[Civ. No. 4161. Fourth Dist. Jan. 10, 1951.]

Estate of W. A. GREENLEAF, Deceased. ANNIE GREEN-LEAF, Respondent, v. FIRST NATIONAL BANK IN SANTA ANA, as Trustee, etc., Appellant.

Rutan & Tucker, Forgy, Reinhaus & Forgy and Arthur M. Bradley for Appellant.

Head, Jacobs & Corfman for Respondent.

GRIFFIN, J.—In a will of W. A. Greenleaf, deceased, dated March 20, 1941, a trust was created which provided in part:

"During the life of this trust, the net income derived from the trust property, and at the closing of this trust the trust property and principal sums derived from the sale thereof, shall be paid and distributed as follows, to wit:

"During the life of my wife ANNIE GREENLEAF, there shall be paid to her monthly, if possible, if not, as soon as funds are available, a sum amounting to $60.00 per month. In addition to the sum of $60.00 per month to be paid my said wife during her lifetime, said Trustee shall at the time of her death pay all costs of her last illness and burial expenses. If my said wife during her life time, by reason of sickness or other good cause, needs additional funds over and above the monthly amount hereinbefore referred to in order to provide her with the proper care and comforts, then I direct my Trustee to use and apply sufficient of the income and principal of my trust property so that my said wife shall have sufficient money to provide for her support, comfort and needs

to the end that she shall be fully and properly cared for and provided for.''

During the administration of the estate the wife was granted $100 per month family allowance. On February 4, 1946, the successor trustee, First National Bank in Santa Ana, petitioned the court for instructions as to administration of the trust, in which petition the trustee asked the court for authority to pay the beneficiary $150 per month under the provisions of the trust. The petition was granted. On February 4, 1947, the wife filed her petition for instructions to the trustee, asking for instructions from the court that the trustee be instructed and authorized to pay her $1,500 for clothing and expenses for a trip, $300 for dental work, $600 for an eye specialist, $600 to repair and refurnish her home, plus the sum of $300 per month. On the hearing of the petition, the trustee orally objected to the petition. The objection was overruled and the court granted the petition. No appeal was taken by the trustee from that order and the payment of $300 per month has been made by the trustee to the beneficiary since that date.

On May 16, 1949, Mrs. Greenleaf filed her petition for instructions to the trustee to provide her with additional sums totaling $4,500 to renovate, paint and refurnish her home, to provide her with clothes and traveling expenses, and to provide her with a new automobile. Written objections were filed by the trustee and by 10 of the 22 named distributees in the trust. The court granted petitioner's request in part and made its written findings and ordered the trustee to continue to pay to the beneficiary (now aged 77 years) $300 per month, and in addition thereto to pay (a) for the installation of a shower in the home of the beneficiary; (b) for certain furniture and furnishings; (c) a sum not to exceed $2,500 for an automobile; and then provided that the trustee should retain title to the furniture and furnishings and the automobile as property of the trust.

Only the trustee appealed from this order, and contends that the court by such order erroneously superseded the exercise of the trustee's discretion allowed by the trust since the trustee fixed the sum of $200 per month as a proper allowance to the wife and no more.

At the hearing on the petition, petitioner testified that she needed the additional funds requested. The trustee showed that the remaining property in the trust consisted of a one-story business building in Santa Ana with a vacant lot ad-

joining it, and it carried, on the books of the trustee, a valuation of $50,000, in addition to cash not exceeding $500. The property brought in a rental of $400 a month under a lease expiring in 1952. The annual taxes on the property amounted to about $1,200, insurance $188, trustee's fees $375, and attorneys' fees in preparing annual account $100. The total amount of annual expenditures of the trust estate, including the wife's allowance, amounts to about $5,600, and the receipts amount to about $4,800, leaving a deficit of about $800. The trustee argues that to comply with the present order it would be compelled to sell the corpus of the trust or, if possible, obtain a loan upon it for that purpose. It is argued that it would be improbable that such a loan could be obtained by the bank due to the fact that the trust would be unable to repay the amount loaned under the present income.

After a visitation of the home of the widow and an inspection of the conditions under which she was living, the trial judge made the order above mentioned. The main argument of the appellant trustee is that under the trust, the trustee has the *discretion* to determine the amount of money to be paid the life beneficiary, subject to the standard imposed by the testator; that since the trustee, after considering the net income from the trust and the needs of the beneficiary, determined that $200 per month was a sufficient amount to maintain her in accordance with the standards prescribed, the trial court had no authority or discretion to make additional allowance in the absence of any showing of an abuse of discretion on the part of the trustee, citing Restatement of the Law of Trusts, section 187, page 479; *Ellison* v. *Ellison* (1942), (Tex. Civ.App.) 164 S.W.2d 775; *Atwood* v. *Kleberg*, 163 F.2d 108; and *Hallinan* v. *Hearst*, 133 Cal. 645 [66 P. 17, 55 L.R.A. 216].

It is also argued that the amount awarded by the court to the life beneficiary was unreasonable; that under the trust provisions of the will the testator had two purposes in mind; that one was the care of the life beneficiary and the other was to make a gift to his other heirs; that the trust gave an external standard that should be considered in determining the amount to be paid to the life beneficiary and accordingly the remainder should go to the heirs.

Both counsel agree that the governing principle must be the intention of the settlor, which intention must be gathered from the general purpose and scope of the agreement, as indicated in *Title Insurance & Trust Co.* v. *Duffill*, 191 Cal. 629, 642 [218 P. 14]. In that case it is stated that if there

be any doubt or uncertainty in the trust it will be construed, if possible, in favor of the beneficiary and against the trustee. See, also, *Williams* v. *MacDougall,* 39 Cal. 80; and *Estate of Canfield,* 80 Cal.App.2d 443 [181 P.2d 732], where it is stated that the basic inquiry, whenever the exercise of a trustee's discretion, absolute or otherwise, is challenged, is always whether the trustee acted in the state of mind contemplated by the trustor.

The trustee also contends that there was no evidence or finding by the trial court that the trustee acted in bad faith or abused its discretion or that its decision was unreasonable; that to support the action of the trial court a finding would have to be made against the trustee on this issue; and also that the trial court erred in substituting its own judgment for that of the trustee, citing *Estate of Ferrall,* 92 Cal.App.2d 712 [207 P.2d 1077]; and *Estate of Marre,* 18 Cal.2d 184 [114 P.2d 586].

It is the general rule that if the power of the trustee is discretionary, and the trustee is fairly employing his judgment to advance or not to advance, the court will not control his action merely because it disagrees with him, but it must find some abuse of discretion or bad faith before it will interfere. (Bogart on Trusts & Trustees, vol. 4, part 1, pp. 168-169.) The court should not be burdened with the duty of administration, nor required, nor permitted to substitute its judgment and discretion for that of the trustee so long as it acts within proper limits; nor in any event until there is an entire failure or refusal on the part of the trustee to perform its duty. (*In re Shea,* 234 App.Div. 176 [254 N.Y.S. 512], 2 A.L.R.2d 1406; *Moxley* v. *Title Insurance & Trust Co.,* 27 Cal.2d 457 [165 P.2d 15].)

In reply to appellant's argument it is respondent's position that the declaration of trust did not give the trustee sole or absolute discretion to determine the amount to be paid the life beneficiary and accordingly the rule above mentioned had no application. The rule in this respect is concisely stated in 2 American Law Reports 2d 1395:

''Where the trust provision directs the trustee to disburse portions of the principal for a given purpose, the trustee's authority to pay is not discretionary, but is merely conditional upon the existence of a reasonable necessity for the disbursement to accomplish the purpose. Upon proof of such a necessity, a court will compel the trustee to make the disbursement, and usually will direct him as to the amount to be paid. The

question of necessity, as well as what it calls for to comply with the condition, is a judicial question." (See, also, *In re Martin's Will* (1936), 269 N.Y. 305 [199 N.E. 491]; *In re Downey's Will*, 87 N.Y.S.2d 60.)

This contention calls for an interpretation of the provisions of the will in this respect. The petition for instructions to the trustee describes the property in the hands of the trustee, its income, and its value; alleges petitioner needs the items specified in addition to the amount received by her, and that petitioner "has made demand upon the trustee to exercise its discretion and to furnish her with the sums required by her; that said trustee has *refused* to so exercise its discretion and to furnish petitioner with any sums except on order of court." (Italics ours.) Petitioner then prays for an order to the trustee to furnish her with the sums mentioned. The trustee replied and objected to the payment of any additional sums as requested. It alleges $200 per month is a sufficient monthly allowance to provide amply for her support, comfort and needs, and asked that the petition be denied and that her allowance be reduced accordingly. By stipulation, petitioner's petition was amended to read:

"That petitioner has made demand upon the Trustee to exercise its discretion and to furnish her with the sums required by her; that said Trustee has refused to so exercise its discretion and to furnish petitioner with any sums except on order of Court."

After hearing, the court found this last allegation to be true; that under the provisions of the trust the trustee is "authorized and directed to use and apply sufficient of the income and principal of the trust property so that petitioner herein shall have sufficient money to provide her support, comfort and needs to the end that she shall be fully and properly cared for and provided for"; that the trustee "did not have absolute or sole discretion in providing for petitioner herein, and said trustee having failed to exercise its limited discretion as provided for in said trust," finds that the items allowed in the contested order should be paid from the trust funds, and "denied" the objections of the beneficiaries and the trustee.

The trust definitely provides that "If my said wife . . . by reason of sickness or other good cause, needs additional funds . . . in order to provide her with the proper care and comforts, then I *direct* my Trustee to use and apply sufficient of the income and principal . . . so that my said wife shall

have sufficient money to provide for her support, comfort and needs to the end that she shall be fully and properly cared for and provided for." (Italics ours.)

From an analysis of this provision it seems clear to us that if a good cause arose and the wife needed additional funds in order to provide her with proper care etc., it was a direction to the trustee to provide said funds, and not a matter of discretion; that after demand was made therefor and the trustee failed or refused to act in this respect, the petitioner was authorized to call upon the court, and upon a proper showing, the court was authorized to direct the trustee to act accordingly. The trial court fully considered the evidence produced and made a determination in this respect, and there is no showing that it abused its discretion.

The trustee argues that this one provision of the will cannot be considered alone in determining whether the trustee was *directed* to so act or whether it had *discretion* in so acting, since there were other provisions of the trust which indicated that the trustee was to exercise its discretion in *all* matters in relation to the trust. It points out that by the first provision of the trust, the trustee is to have complete management and control of the property and its income, distribute it for the use of the beneficiaries named, and to sell and change the character of the property as to the trustee may seem wise. Then follows the statement: "The powers and discretions of the Trustee enumerated herein are not to be construed as a limitation upon his general powers and discretions, but the Trustee in addition thereto, is hereby vested with and shall have the full discretion of this trust as to the trust estate, the income therefrom, and in the execution of this trust, the same and all the powers and discretions that an absolute owner of the property has or might have." Then follow the provisions in respect to the care of the widow as above set forth.

The decree of distribution recites that "During the life of this trust, the net income derived from the trust . . . and all principal sums derived from the sale thereof, *shall* be paid and distributed as follows . . ." Then follows the same provision as is set forth in the will in respect to the widow's allowance pertaining to any additional amount required for her support and comfort.

As to the general provisions of the trust in reference to the sale or disposition of the trust property, it appears that

the trustee is vested with a wide discretion. It does not definitely appear that the general grant of discretion applies to the particular clause here involved, which clause specifically *directs* the trustee to act. Under section 3534 of the Civil Code particular expressions qualify those which are general. (See, also, Code Civ. Proc., § 1859.)

We conclude that the trial court was authorized to so construe this particular provision of the trust as a direction to the trustee and was authorized to find that the trustor did not intend by the general words used to confer sole or absolute discretion on the trustee in respect to providing for the life beneficiary.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 8, 1951.