Pierson B. Hildreth, S.
In this intermediate accounting proceeding, petitioner, as trustee, seeks a construction of clause “ Tenth ” of testator’s will which provides:
“ Tenth: I give and bequeath to my Trustee hereinafter named, in trust, cash or interest or dividend-paying securities sufficient to produce an annual income of two thousand dollars ($2,000.) and I direct my Trustee to pay said annual income to my son, Charles H. Sabin, Jr. in equal quarterly payments of five hundred dollars ($500.) each for the period of his life, and if at any time the income from the fund so set aside shall be reduced below said sum the deficiency shall be made up by selling some of the capital so that the life beneficiary shall always receive said quarterly sum of five hundred dollars ($500.). Upon his death this trust shall terminate and the principal of such trust fund or so much thereof as shall then remain shall be transferred and paid over to his descendants surviving at the termination of the trust per stirpes and, if there are none, shall become and be distributed as a part of my residuary estate.
“I have made no further provision than hereinbefore set forth for my said son, Charles H. Sabin, Jr., because I feel that he is amply provided for by the provisions for his benefit in a trust indenture made by me with The New York Trust Company as Trustee.”
The trustee originally set apart a fund deemed sufficient to produce the specified annual income of $2,000 but during the course of administration the income received from the trust fund so established has exceeded $2,000 per year. The question now is as to whether the income beneficiary or others are entitled to such excess income.
Clause “ Eleventh ” of this same will having substantially similar language, was construed by this court in a prior and separate proceeding in which it was determined that the income beneficiary was entitled to all net income. (Matter of Sabin, 123 N. Y. S. 2d 700.)
It is the opinion of this court that clause 1 ‘ Tenth ’ ’ should be and is similarly construed. It seems clear from the language used that it was testator’s intent that the trustees set apart a fund deemed sufficient to produce a net annual income of $2,000 for the life beneficiary, and this created a trust, all income of which, whether more or less than the amount specified, would be payable to the income beneficiary with the additional provision that the trustee might invade principal if necessary to provide the minimum annual amount of income to the beneficiary. (New York Life Ins. & Trust Co. v. Sands, 24 Misc. 102 ; Matter of Favill, 7 Misc 2d 176.)
*943 Accordingly, the court determines that Charles H. Sabin, Jr., life beneficiary, is entitled to any and all net income from the trust established under clause “Tenth” of decedent’s will received, or which may hereafter be received.