## Grater Estate

*Robert A. Kelly*, for estate.

*J. Frank McKenna, Jr.*, for Paul T. Grater.

*Kenneth E. Lewis*, for Cancer Society.

OPINION BY EUNICE ROSS, J., JANUARY 23, 1981:

Before the court is a question raised at the audit of the first and final account of Pittsburgh National Bank, executor of the estate of Dorothy D. Grater, a resident of Allegheny County, Pennsylvania, who died testate June 2, 1979, at the age of 72. Decedent was unmarried and childless at the time of her death. The issue relates to excess income over $200 a month earned by decedent's residuary trust estate.

Paul T. Grater, decedent's nephew and only next of kin, who was the income beneficiary of $200 a month and possible remainderman of decedent's residuary trust, claimed all the net income earned by residuary trust principal over $200 a

month. His claim is opposed by the American Cancer Society, Inc., Allegheny County unit, which contends all excess trust income is to pass to it as a valid income accumulation.

A decree of distribution was entered October 2, 1980, awarding $75,968.82 residuary principal with $7,766.40 income earned thereon to Pittsburgh National Bank, testamentary trustee under the will of decedent. The trust has been generating income in excess of $200 a month.

Under decedent's will dated March 25, 1970, (there is also an unrelated codicil) her clothing was willed to St. Vincent De Paul Society, her household goods and personal effects to Paul T. Grater if he survived decedent or to St. Vincent De Paul Society if he did not, and two cash bequests of $500 each for masses. The residue was given to Pittsburgh National Bank as trustee of a spendthrift trust to "hold the principal of the trust estate for the use and benefit of my nephew Paul T. Grater, and shall pay to him, or for his benefit, the sum of Two Hundred ($200.00) Dollars each month out of the net income or if the net income is insufficient out of the principal" (paragraph 3, I, A). The monthly payments were to continue under the same section until trust principal was reduced to $10,000 at which time the nephew received it free of the trust. If the nephew died during the life of the trust or before decedent, "the principal of the trust estate as it is then constituted, shall be paid ... to the American Cancer Society, Inc., Allegheny County Unit" for research (paragraph 3, I, B).

Since decedent made no express disposition of income exceeding $200 a month generated by trust principal, the court must determine by a reference to the entire will and the circumstances surrounding testatrix whether she intended her nephew or the cancer society to receive it: *Duld's Est.*, 8 D. & C. 2d 330, 333-334, affirmed 389 Pa. 108.

The court finds from a reading of the will as a whole that Paul T. Grater, her sole next of kin, was the prime object of testatrix's bounty. It was he who received her household and personal effects (other than clothing) if living. He was absolutely to receive $200 a month from the residuary trust which was for his "use and benefit" even if principal were

encroached on and if such encroachments reduced trust capital to $10,000 during the life of the trust it was payable to him outright. The cancer society received only "principal" not principal plus accumulated income under her will. It was not an income beneficiary.

It is also clear that testatrix was so concerned with ensuring her nephew $200 a month, whether "out of the net income" or principal, that she did not envision a surplus of income as opposed to a deficiency thereof. Excess income was undisposed of.

In similar cases the Pennsylvaia Supreme Court has held that in the absence of a clear intent to the contrary a direction to pay a fixed sum "out of income ... [or] out of the principal" or "from the income and principal" establishes a minimum, not maximum, limit for distribution of trust income: *Stephens v. Lewistown Trust Co.*, 481 Pa. 194, 200; *McKeown Trusts*, 384 Pa. 79, 85. Thus, in the absence of a clearly contrary intent Paul T. Grater will be entitled to a distribution of trust income exceeding $200 a month.

The cancer society asserts the will contains such a contrary intent because under paragraph third I, B, the trustee was directed to "invest and reinvest, including ... accumulated income, in stocks, bonds, mortgage, securities or other property ... without being limited" to legal investments. This paragraph, contends the society, provides for a valid direction for income accumulation for a charity under section 6106 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. C.S.A. 6106 which allows accumulation if the rule against perpetuities is not in fact violated or where there is a trust for charitable purposes or for business employees. Therefore, it argues, decedent clearly expressed a contrary intent that the unexpended income was to be validly accumulated for the cancer society.

The flaw in this argument is that this paragraph *relates to investment powers and not takers of excess income*. It provides for no period of income accumulation. No mention is made of the ultimate beneficiary thereof although the will indicates either the cancer society or Paul T. Grater may take

principal *as opposed to accumulated income* depending upon certain defined circumstances. It cannot be said from this provision that accumulation is to be until the end of the trust and for the cancer society or for anyone else.

The court must therefore find that the provision for investment of accumulated income referred to income accruing in the natural course of trust history which was not immediately paid out to the life tenant. No trustee is expected to pay out income at the exact moment it is received. Nothing in the investment paragraph indicates income is to be accumulated until the trust terminates by payment of principal to Mr. Grater or his death. It might otherwise have been a valid accumulation not because a charity would take a remainder here but because it could not have violated the rule against perpetuities since it would have vested at Mr. Grater's death or before. The charity would have us believe that the potential validity of the alleged accumulation requires us to find that validity imports a gift to the charity, which was clearly not the chief object of testatrix' bounty. This argument goes two steps beyond anything expressed by decedent. From a direction to invest accumulated income we are asked to interpolate the words "until the end of the trust" and "for the Cancer Society." This added language can be only a hypothesis not the unambiguous provision by decedent for an accumulation for charity.

The court must return to its original finding that testatrix showed clearly her concern for Paul T. Grater, the prime object of her bounty, and her fear lest he not receive $200 a month from net trust income. The principal was held "for the use and benefit" of Mr. Grater. Decedent was willing to deprive the cancer society of principal in order to take care of her nephew. The court finds no intention in the will to accumulate excess income for the charity while there is a clear intention to deprive the charity for her nephew. (Even if there were a valid direction to accumulate which there is not, it would have been for the benefit of Paul T. Grater (or his estate if he died before principal was exhausted)). Factual differences in *Stephen v. Lewistown Trust Co., supra,* and *McKeown Trust, supra,* do not destroy the proposition that in the absence of a clear gift of excess income to someone else,

the gift of income was the minimum not maximum limit of the gift to the life tenant who was entitled to all the net income.