be presumed, in the absence of evidence to the contrary, that the public officers who executed that conveyance complied with the statute, and that the deed was valid.

I think, therefore, that the judgment should be affirmed.

---

### In re HOYT et al.

(Supreme Court, Appellate Division, First Department.　December 7, 1906.)

1. WILLS—CONSTRUCTION—TRUSTS—DISPOSITION OF INCOME.

A will giving money in trust for the use and benefit of testator's daughter during her life, the trustee during such time to invest and reinvest the principal fund and keep the same invested, and collect and receive the interest dividends and income therefrom and from each and every part thereof, and apply to her use for and during her life in the most bounteous and liberal manner as to expenditure, and so as to promote her convenience and comfort and gratify her reasonable desires, the said interest, dividends, and income so to be collected and received as the same shall be required for her use and benefit, shows an intention that such daughter shall receive the entire income during life, so that income which accrues, but is not paid over to her before her death, belongs to her and passes to her representatives, notwithstanding the will further provides that said sum of money directed to be appropriated and held in trust for and during the life of said daughter, and for her use as to the interest, dividends, and income therefrom, or the securities in which the same shall be invested, and any surplus of income therefrom, if any, which shall not have been applied to her use during her life, shall on her death go to certain other persons.

2. PERPETUITIES—ACCUMULATIONS.

Even if a will, after authorizing trustees to apply the entire income of a fund to the use of testator's daughter for life, authorizes them in their discretion to accumulate part of the income, such provision for accumulation is void; Rev. St. (1st Ed.) p. 726, pt. 2, c. 1, tit. 2, §§ 37, 38, limiting the accumulation of income to the period of minority, so that accumulated income belongs to the daughter, and, not being paid to her in her life, passes to her representatives, instead of to the remaindermen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 67–73.]

Laughlin, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Samuel N. Hoyt and James W. Jackson, as surviving trustees under the will of Jesse Hoyt, deceased. From the decree settling the accounts of the trustees and directing the distribution of an income of a trust estate, William F. Moore, as executor of Mary Irene Hoyt, deceased, appeals. Modified.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Benjamin N. Cardozo, for appellant.
Alexander T. Mason, for respondents trustees.
Anson Baldwin, for respondents Hoyt infants.
Samuel T. Carter, Jr., for respondent Frank R. Hoyt.
Henry R. Hoyt, for respondents A. W. Hoyt et al. ·
J. Woolsey Shepard, for respondent Reuben M. Hoyt.
P. Tecumseh Sherman, for respondent Alice C. Pettit.

McLAUGHLIN, J.   This appeal presents a single question; and that is the proper disposition to be made of a certain income derived from a fund created by provision of the will of Jesse Hoyt. The testator, by this provision of his will, gave to his executors in trust $1,250,-000 for the use and benefit of his daughter during her natural life, and during that time the trustees were to invest and reinvest the principal fund "and keep the same invested and to collect and receive the interest, dividends and income therefrom and .from each and every part thereof and to apply to her use for and during her natural life in the most bounteous and liberal manner as to expenditure and so as to promote her convenience and comfort and gratify her reasonable desires,. —the said interest, dividends and income so to be collected and received as the same shall be required for her  use and benefit." By the same provision he directed "that the said sum of money hereinabove in this article directed to be appropriated and held in trust for and during the natural life of my daughter, Mary Irene, and for her use as above herein provided as to the interest, dividends and income therefrom, or the securities in which the same shall be invested and any surplus of income therefrom, if any, which shall not have been applied to her use during her natural life shall, on the death of my said daughter, go and be distributed to and among" certain persons named.

The trust was created, and the trustees, during the life of the daughter, paid over to her all of the income derived from the trust fund, except $24,057.88, of which $13,885.83 had accrued, but had not been collected at the time she died. This sum ($24,057.88) is now claimed by the executor of the daughter and also by the persons to whom the principal sum was given at her death.

The learned surrogate held, and a decree has been entered to that. effect, from which the present appeal is taken, that the remaindermen mentioned in the will were entitled to the entire fund, and that the representatives of the daughter had no interest in it, and this upon the theory that the testator intended to vest his trustees with a discretion as to the amount of income which should be applied towards the support of the daughter; that until this discretion had been exercised and an application made of the fund the daughter had no legal or equitable title to or interest in it; that such discretion had not been exercised as to the fund in question prior to the death of the daughter, for which reason it passed under the will to the remaindermen therein named, the persons presumptively entitled to the next eventual estate.

There are two reasons why I am unable to adopt the construction put upon this provision of the will by the learned surrogate:

First. It is, as it seems to me, contrary to what the testator intended, and, if I am correct in this, then such a construction should be adopted as will carry out his intent.  This is the general rule relating to the construction of wills.  Dougherty v. Thompson, 167 N. Y. 483, 60 N. E. 760.  The construction adopted by the surrogate is one which imputes to the testator an intent to make an illegal disposition of a portion of his property, which is not to be presumed.  Du Bois v. Ray, 35 N. Y. 162; Hopkins v. Kent et al., 145 N. Y. 367, 40 N. E. 4.  The court, in an effort to carry out his intent, should adopt a construction which will

render valid the provisions of his will rather than one which will render them invalid. Hoppock v. Tucker, 59 N. Y. 202; Phillips v. Davies, 92 N. Y. 199; Greene v. Greene, 125 N. Y. 512, 26 N. E. 739, 21 Am. St. Rep. 743. In the creation of this trust the testator had in mind the care, comfort, and happiness of his daughter. This was the primary object which he sought to accomplish, and the gift to the remaindermen was secondary. The trustees were to invest and keep invested the principal sum and to collect the interest and dividends therefrom "and from each and every part thereof," not for the benefit of the remaindermen, but for the daughter, and "to apply to her use for and during her natural life in the most bounteous and liberal manner as to expenditure and so as to promote her convenience and comfort and gratify her reasonable desires,—the said interest, dividends and income so to be collected and received as the same shall be required for her use and benefit"— clearly indicating, as it seems to me, that she was the only one whom he had in mind, and that the entire income should be devoted to her use. Had the provision of the testator's will stopped at this point, I do not believe it could be seriously questioned by any one but what the entire income from the trust estate, immediately as the same accrued, vested in her; and, if it did, then what had accrued at the time she died vested in her legal representatives. It is true that, in subsequently directing what disposition should be made of the principal fund at her death, words were also used which would seem to indicate that any surplus of income derived from the trust estate which had not been applied to her use at the time of her death should be distributed in the same manner as the principal fund. This provision, however, is inconsistent with the prior provision, and I cannot believe that the words thus used were intended to qualify or destroy the prior provision, giving the entire income to the daughter, by lodging in the trustees a discretion as to what income, if any, should be devoted to her use. On the contrary, it seems to me the only discretion lodged in the trustees, construing both provisions together, was the method of payment and not the amount to be paid. It is hardly conceivable that the testator, in view of what he wanted to accomplish for the daughter, would insert a provision in his will which would give the remaindermen the right, whenever the trustees made a payment to her, to contest its propriety upon the ground that they were not properly exercising the discretion lodged in them as to the amount to be paid. The Court of Appeals, when the question was presented as to whether the depreciation, by reason of approaching maturity of the securities purchased, of the premium paid should be borne by the daughter or by the remaindermen, seems to have been of the view that the daughter was entitled to the entire income. Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126. While the question here presented was not then considered, nevertheless the language used by the learned judge writing the opinion is quite significant. He said, speaking for the court:

"It seems to us very obvious that the testator intended to devote to his daughter's use the entire income of the fund which he set apart for that purpose, if necessary, and that the disposition of the principal, after her death, was a secondary consideration."

If the foregoing views be correct, that it was the testator's intention that the daughter should receive the entire income, she was the beneficial owner, and whatever income had accrued prior to her death belonged to her and passed to her representatives. Hendricks v. Hendricks, 3 App Div. 604, 38 N. Y. Supp. 402, affirmed on opinion below, 154 N. Y. 751, 49 N. E. 1098.

Second. If it be assumed that the intent of the testator was to give the remaindermen the surplus income which the trustees determined was not necessary for the use of the daughter, then the gift is invalid as involving an unlawful accumulation. The statute limits the accumulation of income to the period of minority. Rev. St. (1st Ed.) p. 726, pt. 2, c. 1, tit. 2, §§ 37, 38. If it be true, as contended by the respondents, that the testator intended to lodge in his trustees a discretion as to the amount of income to be applied to his daughter's use, then this necessarily clothed them with authority to accumulate the residue (Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971), which author-ity could not be enforced, inasmuch as it contravenes the provisions of the statute with reference to accumulations. But the trustees, acting under a void authority, did accumulate a surplus; and now the question is presented, to whom does it belong? The surrogate assumed that it passed to the remaindermen under the provision of the statute which provides that:

"When, in consequence of a valid limitation of an expected estate, there shall be a suspense of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

The conclusion of the surrogate is correct, if the statute is applicable. I do not think it is. The rule seems to be well settled that where the direction for an accumulation is void, and there is some other and legal disposition of the rents and profits, the statute does not apply; that in such case the direction for accumulation should be eliminated from the will.

The direction to accumulate in this will can be stricken out, and there then still remains a valid disposition of the rents and profits. The testator gave the fund to the trustees to collect the income from each and every part of it. He clothed his trustees with power to apply the entire income to the use of his daughter. He also clothed them with power, in their discretion, if they did not think she needed all of the income, to accumulate it, and, if they did so, he gave it to the remaindermen. The authority, as we have seen, to accumulate is void, but the authority to pay the entire income to the daughter is nevertheless valid and enforceable. If this be true, then the daughter was entitled to the entire income, and whatever had accrued at the time she died passed to her representatives. This conclusion, it seems to me, necessarily follows from the rule laid down in Pray v. Hegeman, 92 N. Y. 508, and Barbour v. De Forest, 95 N. Y. 13. In the latter case the testator gave a portion of his residuary estate to his executors, in trust to receive and apply the income to the use of the plaintiff during life. By a codicil the executors were directed, if in their judgment the whole of the income was not needed for plaintiff's support, to retain and invest the

residue during her minority, the accumulations to be considered and treated as part of the principal. It was held that the direction for accumulations was void; that the plaintiff was entitled to the whole income. Judge Earl, speaking for the entire court, said:

"The question is whether the accumulation directed by the codicil of this will was for the benefit of the plaintiff, a minor, within the meaning of these provisions. If it was not, then it was invalid. The case of Pray v. Hegeman, 92 N. Y. 508, is an authority controlling the decision of this case. There a certain specified portion of the income of property was required to be applied by executors to the support and education of a minor, and the balance of the income was to be added to the share producing the income and accumulated as principal until the minor arrived at the age of 21 years, after which period the whole of the income was to be applied to that child for life, and upon the death of the child was to go to other persons. In that case it was held that, under the provisions of law referred to, the accumulation was to be for the benefit of the minor solely and during his minority, and that a direction for accumulation during a minority, accompanied with a gift of the income of the accumulated fund, after the expiration of the minority to the minor for life, and of the principal upon his death to other persons, is void. That case is not distinguishable from this from the fact that only a specified portion of the income was to be paid to the minor during his minority, and that the undefined balance was to be accumulated. Here the direction to accumulate applies to so much of the income as, in the judgment of the executors, should not be needed for her support. * * * It was further decided, in the case referred to, that in such a case the direction to accumulate must be stricken from the will so as to leave the income to go immediately to the party entitled to the life estate. The result, by applying the principles of that case to this, is that the plaintiff is entitled to a judgment declaring the direction to accumulate contained in the codicil of this will to be void, and that she is entitled to the whole income of the share put in trust for her."

See, also, Matter of Keogh (recently decided by the Appellate Division of the Second Department) 112 App. Div. 414, 98 N. Y. Supp. 433, in which it was held that income accumulated by trustees under a provision of a will belonged to the personal representatives of the life beneficiary.

In either view, therefore, it seems to me that the decree directing the payment of the fund in question to the remaindermen is erroneous, and that the same should be modified by directing the payment of the income which had accrued upon the trust estate prior to the death of the life tenant to her legal representatives, with costs to the appellant, payable out of the estate.

PATTERSON, INGRAHAM, and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). I dissent upon the ground that the testator did not intend to create an estate for his daughter which would survive her and pass by will or descent, but only to give her so much of the income of the trust fund as should be used by her or for her benefit during her life, or necessary to pay obligations incurred for her use and benefit.