PENNIMAN et al. v. HOWARD et al.

(Supreme Court, Special Term, New York County.   March, 1911.)

1. PERPETUITIES (§ 9*)—ACCUMULATIONS—VALIDITY.
     A will gave real estate in trust, to pay $2,500 out of the net annual rental to testator's niece, and provided that any surplus income should be reserved to meet unusual expense, or be accumulated for the benefit of the property.   *Held*, that the accumulation attempted is not permitted by Real Property Law (Consol. Laws 1909, c. 50) § 61, and hence is void.
     [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

2. WILLS (§ 854*)—VOID DEVISE—EFFECT AS TO ACCUMULATIONS.
     Where testator gave real estate in trust, to pay $2,500 out of the annual rental to testator's niece, and provided for an accumulation of the balance of the income, the accumulation being void, the entire income in the property passed to the niece.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2170; Dec. Dig. § 854.*]

3. WILLS (§ 548*)—CONSTRUCTION—RIGHTS IN REMAINDER.
     Where testator gave real estate in trust, the income to be paid to his niece for life, and at her death, during her eldest son's lifetime, to her children, the remainder at the son's death to go to the then living children of the niece, or in the absence of children or grandchildren to testator's heirs, the remainder in either event went to such of the children of the niece as survived the trust.
     [Ed. Note.—For other cases, see Wills, Dec. Dig. § 548.*]

4. TRUSTS (§ 191*)—POWERS OF TRUSTEES—SALE OF REALTY—DISCRETION.
     Where a will provided that the property should be held in trust, and that, should its sale become "necessary or be deemed advisable by the trustees," the proceeds should be invested in a certain manner, such sale is in the discretion of the trustees.
     [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191.*]

Action by Gardner B. Penniman and another, trustees under George H. Penniman's will, against George E. P. Howard and others.   Decree directed.

Robert R. Howard, for plaintiffs.
Coudert Brothers, for defendant Pauline E. P. de la Soudiere.
Paul Fuller, Jr., guardian ad litem of infant defendants.

GIEGERICH, J.   The provision of the will presented for construction is as follows:

"Fourth. I give and devise to my son, Gardner Brewer Penniman, and the United States Trust Company of New York City that certain piece or parcel of real estate, with the buildings thereon, belonging to me, situated on South and Water Streets, in the City of New York, used as warehouses and known as the 'Judd Stores,' in trust, nevertheless, to pay out of the net rental of same to my niece, Pauline de Brimont Dannery, now residing near Quimperle, Finistere, France, the sum of twenty-five hundred dollars yearly, in quarter-yearly payments, any surplus income derived from the property after paying interest on the mortgage, taxes, assessments and repairs and insurance on the building to be reserved and invested to meet any unusual or unexpected expenses on the property, or to accumulate for the benefit of the property.   Should the sale of the property become necessary or be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deemed advisable by the trustees at any time, I direct that the net proceeds of such sale be invested by the trustees in good bond and mortgages on improved real estate in the City of New York, and held in trust to pay the net income from such investments to my niece, Pauline de B. Dannery, during her lifetime, in quarter-yearly payments, and at her death and during the lifetime of her eldest son, Rene, to pay such income to such of her children as may be living, and at the death of her said son Rene to convey said trust property in equal shares to such of her children as may then be living; should there be no children or grandchildren of my niece then living, the entire trust property to revert to my heirs at law."

The court is asked to determine (1) whether this provision directing the accumulation of the surplus income from the Judd Stores is valid, and what disposition should be made by the plaintiffs of such surplus income; and (2) what disposition, if any, is made by the will of the remainder interest in the Judd Stores, if they are not sold during the continuance of the trusts created, and, if no disposition thereof is made, then to whom do those stores pass upon the termination of the trusts.

[1] The accumulation attempted in this case is quite clearly not one permitted by section 61 of the real property law, and is therefore void. It is not so easy, however, to determine what disposition should be made of the surplus income above $2,500 per year. Section 63 of the real property law makes the following provision:

"Sec. 63. Undisposed Profits. When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation or of the ownership, during the continuance of which the rents and profits are undisposed of and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

The first question is whether the rents in this case are to be deemed undisposed of. In Matter of Hoyt, 116 App. Div. 217, 101 N. Y. Supp. 557, the court said that the rule was well settled that where the direction for an accumulation is void and there is some other and legal disposition of the rents and profits, section 63, above quoted, does not apply, and that in such case the direction for accumulation should be eliminated from the will. In that case it was held that the provisions of the will indicated that the daughter was the only one whom the testator had in mind and that the entire income should be devoted to her use, notwithstanding other portions of the will indicating that any surplus income which had not been applied to her use at the time of her death should be distributed in the same manner as the principal fund.

[2] In the present case I think the intention is fairly apparent that the testator desired that the entire income of the property in question should go to his niece, and that his only purpose in limiting the amount that should be paid to her while the property remained in the form of real estate was to provide against any diminution of the income going to her, such as might result from the decreased rental of the property. The provision for accumulation was declared by the testator to be for the purpose of meeting any unusual or unexpected expenses on the property. In the light of the other provisions of the will this must be taken as an attempt on the part of the testator to

foresee and anticipate the probable cost of maintaining the real estate in proper income-producing condition, and to fix a level sum which he judged would be the average income for the use of his niece. This view is greatly strengthened by the fact that in the later provision he directs, in the event the real estate is sold, that the entire net income from the investment of the proceeds is to be paid to her. My conclusion is therefore that the entire net income of the real estate should be paid to the niece during her lifetime whether the property remains in the form of real estate or is sold and converted into personalty.

[3] With respect to the remainder in the event that the real estate is not sold during the lifetime of the testator's niece, the will presents a case of a devise by implication. As was said in Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816:

"Courts have from an early day repeatedly upheld devises by implication where no gift of the premises seems to have been made in the will in formal language."

In the present case there is no reason for believing that the testator intended to die intestate as to the remainder of this property should it continue in the form of real estate until the death of his niece and her eldest son, Rene, and that he intended to make a disposition of that remainder only in the event that the real estate should have been sold by his trustees before the termination of the trust. Notwithstanding the imperfect manner in which the testator has expressed his purpose, it is quite clear from the whole will what that purpose was, and effect should be given to it. The remainder, in either event, goes to such of the children of the niece as survive the termination of the trust. In the view I take of the case there is no present necessity shown for a sale of the property.

[4] Such sale is in the discretion of the trustees at any time. If in the future the situation should change so that a sale becomes necessary and the trustees refuse to sell, then those aggrieved will have a remedy. Amended requests for findings will have to be submitted by the attorneys for the niece, which may be done on one day's notice of presentation. The papers have been returned to the clerk.