In the Matter of the Estate of THOMAS J. HURLEY, Deceased.

Surrogate's Court, Kings County, June 30, 1932.

*Davies, Auerbach & Cornell* [*Sydney G. Soons* and *Dermon Ives* of counsel], for Irving Trust Company, as trustee.

*Hyman Newman*, special guardian of Frederick Tilney, Jr.

WINGATE, S. The trustee nominated in the present will is directed to pay to the wife of the testator "from the rents, income and profits" of the trust established in paragraph "tenth" thereof, the sum of $2,400 yearly in quarterly payments of $600 each, and to divide and pay over the balance of such rents, income and profits (less specified deductions) to the testator's two daughters and his son. The provision of the will which has necessitated this application for a construction is as follows: "I direct and authorize my said Trustee, should the rents, issues and profits at any time fall so low that the sum of six hundred dollars quarterly cannot be paid to my wife therefrom, to take from the principal of said trust fund so much as may be necessary from time to time to keep up the full quarterly payments to her of six hundred dollars."

It appears that from August 13, 1909, the date of the establishment of the trust, until December 13, 1915, the annual "rents, income and profits" were less than the sum of $2,400, and pursuant to the testamentary direction above quoted advances from the principal were made by the trustee of sufficient amounts to enable it to make the required quarterly payments to the testator's widow. Since December 13, 1915, however, the net annual income of the trust has been consistently in excess of the sum of $2,400.

The trustee inquires as to whether it is its duty, under the provisions of this instrument, to pay any annual income in excess of the sum of $2,400 which it has received since December 13, 1915, to the children of the testator, or whether the invaded principal must first be restored before any surplus income is so distributable.

From a consideration of the entire instrument, and in particular

of the language employed by the testator in the creation of the trust, it is the opinion of the court that the children of the testator are entitled to such surplus income as has been received by the trustee since December 13, 1915, and as to such surplus income as shall hereafter be received by it. No obligation has been cast upon the trustee by the testator to restore the corpus of the trust to its condition before invasion.

It is true that the widow is apparently the testator's chief concern; that he intended that she shall receive uninterruptedly an annual income of $2,400; that the income payable to the widow was not subject to the same charges as that payable to the infants (Paragraph " eighth "); but such considerations, persuasive as they may be, are not sufficient to vary the express terms of the will, nor to justify a court in inserting provisions which do not have a place in the testamentary plan.

In the cases cited by the special guardian there existed, at the time of the invasion of the principal, an obligation of repayment. No such obligation is here present.

Proceed accordingly.