In the Matter of the Estate of CAROLINE B. POST, Deceased.

Surrogate's Court, Suffolk County, December 12, 1932.

*Taylor, Blanc, Capron & Marsh* [*Edwin W. Cooney* and *Edward L. Hunt, Jr.*, of counsel], for the trustee.

*Robert T. Oliver*, for Nathalie M. Post, life beneficiary.

PELLETREAU, S. The testatrix died February 22, 1918, leaving a will probated May 2, 1918. The third clause of the will reads as follows:

" *Third.* I give, devise and bequeath to my Executor hereinafter named the piece of real property which I own in Cincinnati, Ohio, on which Miller & Voorheis hold a ground lease, also Fourteen thousand Dollars ($14,000) par value of Haverstraw Water Supply First Mortgage Five Per Cent Bonds, also Fifty thousand Dollars ($50,000) par value of New York City Four Per Cent Bonds, in trust, to collect the rents, issues, profits and income of said real property and bonds and after deducting his fees as Trustee to pay over the balance of such rents, issues, income and profits to my said daughter Nathalie in equal monthly payments during the term of her natural life, with power to said Trustee at his option to make payments more frequently but in no instance to pay over to her more than Two Hundred and Fifty ($250) Dollars in any one month, and with full power to said Trustee in his discretion to sell the said real property and bonds, or any part thereof, and to invest, reinvest and keep invested the proceeds thereof for the purpose of said trust; and upon the death of my said daughter Nathalie, I give, devise and bequeath one equal third part of the principal of said

trust fund to my son Albertson Van Zo Post absolutely; one other equal third part thereof to my daughter Caroline Beatrice Post absolutely; and the remaining one equal third part thereof to The Farmers' Loan and Trust Company in trust for the benefit of the children of my son Edwin Main Post by his second wife Eleanor Post upon the same trusts as hereinafter provided with respect to the portion of my residuary estate devised and bequeath to said Company in trust for the benefit of said children."

In the fourteen years since the death of the testatrix about $2,800 has accumulated in excess of the monthly payments of $250 to Nathalie M. Post, the life beneficiary.

The question arises as to who now is entitled to the accumulated excess income and to whom shall the excess income be paid in the future.

I gather from the papers that the total income from the trust when created was about $3,097 a year. Apparently under the wise management of the trustee funds have been invested and reinvested and the income increased. The testatrix, in my opinion, did not contemplate that the trustee might replace some of the investments yielding a better rate. This has happened. The intent of the testatrix was to protect the life tenant. I believe the testatrix thought the net income to be less than $3,000 a year after deducting expense of administration of the trust. She likewise desired, as far as possible, a uniformity in the amount of income each month. The testatrix was solicitous of the care and welfare of her daughter.

My opinion is, she intended that the said daughter receive the entire income of the trust during her life. I base that conclusion upon the wording of the will, the situation and relation of the parties. (See *Hadcox* v. *Cody*, 213 N. Y. 570,. 574; see, also, *Eidt* v. *Eidt*, 203 id. 325, 328.)

The court gets considerable comfort from an opinion in the Maryland Court of Appeals (*Burt* v. *Gill*, 89 Md. 145).

My conclusion is likewise strengthened by the opinion of the court in *Matter of Hoyt* (116 App. Div. 217). This was a very important case, most eminent counsel appeared in the case and the opinion by the court is a most able one. It was affirmed by the Court of Appeals (189 N. Y. 511).

I conclude that the trustee should pay the excess income to the life tenant, Nathalie M. Post, as the sole and absolute owner thereof.

Decree accordingly.