In the Matter of the Accounting of MARJORIE MORTEN et al., as Trustees under the Will of ALEXANDER MORTEN, Deceased.

Surrogate's Court, New York County, July 26, 1949.

*Frank W. Chambers* for trustees, petitioners.

*Forbes J. Holland* for Dominican Sisters of the Sick Poor, respondent.

*James E. Duross* for National Plant, Flower and Fruit Guild, respondent.

*Frederick W. McGowan* for National Surety Corporation, respondent.

FRANKENTHALER, S. Testamentary trustees seek a determination of the proper recipient of certain income. The testator provided for a trust of his residuary estate, with a direction to pay " the entire net income thereof " to his wife during her lifetime or until remarriage. If the income should prove to be insufficient " to enable her to live in such manner as she has been accustomed to at the time of my death," the testator authorized his trustees to invade the principal in their discretion, to the extent necessary to maintain that standard and manner of living. By decree in an intermediate accounting the trustees were ordered to apply thereafter such part of the principal to the use of the widow as would be necessary to increase the annual bequests to her to $10,000, which the widow showed to be the amount she required. A subsequent decree approved the taking of annual rests by the trustees as of August 4th of each year. (Cf. *Matter of Mason,* 98 N. Y. 527, and *Matter of Martin,* 196 N. Y. 415.)

Part of the trust estate consisted of railroad coupon bonds. Between August 4, 1937, and August 3, 1947, defaults in interest payments occurred on some of those bonds. Encroachment upon the corpus of the trust was necessary to meet the $10,000 amount set by the court and to provide sufficient moneys for the widow. During the present accounting period the amount due on the defaulted coupons has been paid to the trustees. They seek to determine whether this fund forms a part of current income, distributable to the widow, or whether it shall be applied to principal, to restore the amount of previous encroachments.

The court holds that the payments constitute current income and may not be applied to restore the principal. Each invasion of principal when made was a lawful reduction of the amount

in the trust estate, made each year according to the plan evinced by the testator. The trustees had been authorized by the court to take annual rests and each year became a separate accounting period. When a deficiency occurred in the amount specified to be received by the widow, a sum necessary to meet such deficiency was withdrawn from principal and paid to the widow with the income. When a new fiscal period was begun, income thereafter received became income for that new period.

The taking of rests contemplates a receipts-and-disbursements type of fiscal adjustment. Any income received during the current accounting period represents *present* income and must under the will be paid to the income beneficiaries. The testator specified that all income received should belong to his widow. That other sources were in the past necessarily tapped according to his direction, to meet the exigencies of leaner years, does not alter the nature of presently received income as income, or require this court in equity to classify it as principal.

Submit, on notice, decree settling the account accordingly.