S. Samuel Di Falco, S.
In this proceeding to settle the final account of executors, petitioners seek a construction of the will. Under paragraph Ninth thereof testator directed that his residuary estate be divided into three equal parts, giving-one part to a niece outright and further providing: “I give, devise and bequeath to my trustees hereinafter named, in trust, to invest and keep invested two of such equal parts for the benefit of my niece, heleu schwabach, which shall be paid to her at the rate of Six Hundred Dollars ($600.00) every three months, and, if the income of said trust fund does not yield such income, the said sum shall be paid from the principal of said trust fund. Upon the death of the said heleh schwabach, the balance of principal remaining in said trust fund shall be paid to elsie h. bromberger outright, or to her lawful issue.”
The income from the trust exceeds $2,400 per annum and the remaindermen urge that such excess be paid to the persons presumptively entitled to the next eventual estate. The life beneficiary contends that the sum stated was intended to be only a minimum and not a limitation on the maximum amount of income to be paid to her and that it was the intention of testator that she should receive the entire net income from the trust.
Background facts are profferred by all parties which the court disregards since no ambiguity exists requiring extrinsic *899 proof. ■ The question may be decided from a consideration of the language of the testamentary provision itself.
There have been many decisions where similar provisions in wills were passed upon and wherein the courts invariably ruled in favor of the beneficiary as against the remainderman.
In Matter of Hoyt (116 App. Div. 217, affd. 189 N. Y. 511) testator created a trust with income to his daughter for life and remainder over. He authorized the trustees to pay her the entire income but also authorized them to accumulate such income as was not needed by her which should pass to the remaindermen upon termination. of the trust. The court held that where a direction for an accumulation of income is void and there is another legal disposition thereof, the statute prohibiting accumulations does not apply, the invalid provision will be eliminated and the legal disposition given effect. The court further held that, although the provision for accumulation appeared to be inconsistent with the prior provision, the only discretion given to the trustees, considering both provisions together, was as to method of payment rather than amount. The court held that the representative of the deceased beneficiary was entitled to the accumulated income as against remaindermen.
In the instant case testator surely did not intend any unlawful accumulation and it is clear that he intended to dispose of all income. This is borne out by the words “which shall be paid to her ” following “trust * * * for (her) benefit” and the later words “ if the income of said trust fund does not yield such income, the said sum shall be paid from the principal.” He thought that possibly the income would be less than $600 every three months and intended to insure her receiving at least that amount. He obviously meant to dispose of all income even if it exceeded that amount, in which event there would be no need to invade principal. He then provided for payment of 1‘ the balance of principal remaining ’ ’ to the remainderman or her issue. There was no thought that any income would be paid to them.
In Matter of Post (145 Misc. 794) testatrix created a trust, directing that the income be paid to her daughter in equal monthly installments for life but in no instance to pay to her more than $250 in any one month. The court held that this language was not intended as a limitation and accordingly directed that excess income was payable to said daughter. The court had this to say regarding above decision: * ‘ My conclusion is likewise strengthened by the opinion of the court in Matter of Hoyt (116 App. Div. 217). This was a very important case, *900 most eminent counsel appeared in the ease and the opinion by the court is a most able one. It was affirmed bv the Court of Appeals (189 N.Y. 511).”
In Penniman v. Howard (71 Misc. 598) testator left real property in trust, directing that $2,500 from the annual rents be paid to his niece each year and that any surplus income be reserved and invested to meet any unusual or unexpected expenses on the property or to accumulate for the benefit thereof. The court concluded that the attempted accumulation was void but held that the niece was intended to be the primary beneficiary under the will, and directed that the excess income be paid to her rather than to the persons entitled to the next eventual estate.
In Matter of Rosenkampff (144 N. Y. S. 2d 43) a provision in the will creating a trust of $125,000 with power in the trustee to invest and reinvest and “ out of which ” the widow was to be paid $10,000 annually, invading principal if income was insufficient, was construed to give the widow the annual income in excess of $10,000, if any.
Finally, in Matter of Krasner (16 Misc 2d 675) the will gave the entire residuary estate in two equal trusts, directing that the entire income from one be paid to the widow with power to invade principal, and directing the trustees to pay her $3,600 a year from income or capital of the second trust. The income was in excess of this amount and the court held that it was payable to her rather than to the persons entitled to the next eventual estate. The court cited all of the above cases.
Based on these authorities and considering the entire language of paragraph Ninth of the will herein, the court holds that testator clearly intended that the whole of the net income be paid to the life beneficiary of the trust.
Submit decree on notice construing the will and settling the account accordingly.