**Dorothy R. HUNSINGER, Appellant,**

v.

**Lyle J. ROUSE, Sr., et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

Hardy & Hardy, Louisville, for appellant.

T. C. Carroll, Shepherdsville, Harold R. Marquette, Martin J. Duffy, Jr., Louisville, for appellees.

PALMORE, Judge.

T. Burt Rouse, Sr., died testate in 1957 leaving the bulk of his estate in equal shares to his five children, one of whom, Dorothy Hunsinger, appeals from a judgment construing the will as restricting her to the receipt of $50 per month from her share.

The will (executed in 1947) directs that the one-fifth share "herein bequeathed or devised to Dorothy R. Hunsinger shall be held in trust by said executors as trustees. * * * for and during her natural life and I empower the said trustees to pay to the said Dorothy R. Hunsinger out of the trust funds in their hands the sum of Fifty Dollars ($50.00) per month for and during her natural life or until said trust funds are exhausted; and they are empowered to pay the principal and/or interest of said trust funds to the said Dorothy R. Hunsinger to carry out this provision. * * *"

A succeeding clause provides that on the death of Dorothy Hunsinger the residue of the trust fund passes to the testator's heirs unless Mrs. Hunsinger shall have remarried and had children, in which event it goes to the latter.

The will does not express an intention with respect to possible income of the trust fund in excess of $50 per month. There is no indication that the testator intended an accumulation of excess income for the remote and contingent remaindermen. Clearly, the pervading purpose of the trust is to secure the welfare of Mrs Hunsinger, the life beneficiary. Therefore, it is our opinion that the sum of $50 per month was intended as a minimum but not a maximum payment to Mrs. Hunsinger and that she is entitled to all of the income annually accumulated over and above the amount necessary to discharge the fixed monthly payments.

In First National Bank of Kansas City v. Stevenson, Mo.1956, 293 S.W.2d 362, 364, a residuary estate was left to a trustee with directions to pay to a certain church $300 per month "out of income first, but any deficiency to be paid out of principal," etc. In a will construction case it was contended that the excess income passed by intestate succession. In holding that the $300 monthly payment was intended as a minimum only, and that the entire income was to be used for the benefit of the church, the court said:

"We do not think the provision for this monthly payment was intended as a positive limitation upon the extent of the benefits to be paid the church. There are many other reasons why the testator may have desired to specify a definite amount. It is entirely possible he contemplated that over a period of years the trust assets might not produce income of more than that amount. It is clear that he considered it possible that at times the income would not be that much, as he provided that, if necessary, principal could be used to make the payment. * * *. The fact that testator made definite and certain provision for the payment of a total amount each month * * * is not inconsistent with the apparent general intent that all of the trust assets were placed in trust for

the benefit of the primary and contingent beneficiaries."

In re Rosenkampff's Will, Sur.1955, 144 N.Y.S.2d 43, 44, was a case in which the executor was directed to pay $125,000 to a named fiduciary in trust "to invest and reinvest the same and out of which * * " to pay the testator's widow $10,000 per annum in equal monthly installments. The trustee was expressly authorized to invade the principal to the extent the income fell short of $10,000. The widow was empowered to make testamentary appointment of the remainder interest. We quote with approval the opinion of the Surrogate's Court construing the will as follows:

"The Court construes Article 'Fourth' of the will as creating a valid express trust with an implied gift of any and all income to the widow of testator including income, if any, in excess of $10,000 annually. The trust is one for the support of a dependent. The intention is manifest in the direction for the severance from his estate of the sum of $125,000 for the benefit of his wife. The intention is clear that the widow of testator was to receive income at least to the extent of $10,000 annually. The provision with respect to the invasion of principal must be regarded as indicative also of an intent to insure the payment of a fixed minimum amount for her support rather than to impose also a maximum limitation upon the amount of income payable to her annually. The provision conferring upon the trustee authority to invade principal in the event of insufficiency of income may not therefore be construed as imposing a ceiling of $10,000 annually upon income payable to the widow if in any year the fund so set apart should produce any income in excess of such amount. Not only does the will fail to contain any express provision for the disposition of income in excess of $10,000 annually, but there is also an omission of any express provision for the disposi-

tion of the fund upon the death of the widow in the event that she should fail to exercise the power of appointment."

There are, of course, distinctions between this case and the two cases we have cited. But we think their common ground is that in each it is obvious that the testator's primary, if not entire, concern was for the beneficiary of the trust. Particularly would this be true where, as here, the ultimate taker is a faceless class of "heirs" or grandchildren who might be born of a marriage that may never take place. In fact, it seems quite probable that if Mr. Rouse had been sure that his daughter would never run out of money and be left in want he would have left her share outright.

The cause is reversed with directions that a judgment be entered in conformity with this opinion.

MONTGOMERY, J., dissents.