Jonathan **HOLDEEN**, Plaintiff-Appellant,

v.

**Riley J. RATTERREE**, as Late District Director, and Fulton D. Fields, as Late Acting Director of Internal Revenue, Defendants-Appellees.

No. 395, Docket 26912.

United States Court of Appeals
Second Circuit.

Argued June 20, 1961.

Decided July 13, 1961.

Allan E. Rappleyea, Poughkeepsie, N. Y. (Jonathan Holdeen, plaintiff-appellant, pro se, on the brief), for plaintiff-appellant.

Arthur I. Gould, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., and Justin J. Mahoney, U. S. Atty., N.D.N.Y., Syracuse, N. Y., on the brief), for defendants-appellees.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

CLARK, Circuit Judge.

Plaintiff Jonathan Holdeen appeals from a judgment dismissing his complaint in an action to recover income taxes alleged to have been erroneously assessed for the year 1945. This court is thus called upon a second time to consider whether Mr. Holdeen is taxable on the income from certain trusts which he created during the years 1936 to 1945. See Holdeen v. Ratterree, 2 Cir., 270 F. 2d 701. In making the assessment the Commissioner relied on two grounds: (1) that the trusts were void *ab initio* because they provided for periods of accumulation from 500 to 1,000 years, and (2) the income of the trusts was taxable to plaintiff by reason of the ownership and control of the trust corpus retained by him, under the doctrine of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, and related cases. Upon a trial concerned with this second ground the jury rendered a special verdict finding that plaintiff retained such control over all of the trust property except the 1945 trust. After receiving this verdict the district court directed a verdict for the defendant district directors as to all the trusts except the 1945 trust, and gave a judgment notwithstanding the verdict for the defendants with regard to the 1945 trust on the ground that plaintiff clearly retained control over that trust as well. D.C.N.D.N.Y., 166 F.Supp. 694.

On appeal, we sustained the district court's determination as to five of the trusts, but vacated the judgment for reconsideration of the question involving the 1944 trust and the 1945 trust. As to the 1945 trust, we found substantial evidence supporting the jury's finding that plaintiff did not retain control over the trust, with the result that plaintiff was entitled to a refund *pro tanto* unless the Commissioner's assessment could be sustained on the alternative ground of the invalidity of the trust. As to the 1944 trust, we approved the finding that plaintiff retained control over that trust in so far as it had an independent existence; but we remanded for consideration of the question whether the 1944 trust had become merged with the 1945 trust and should therefore be given the same tax treatment as the 1945 trust. Holdeen v. Ratterree, 2 Cir., 270 F.2d 701.

On remand, the district court held that the 1944 trust had been merged into and become subject to the terms of the 1945 trust as of June 2, 1945. The taxable gain of the 1944 trust from the period January 1, 1945, to June 2, 1945, in the amount of $33,104.44, was held taxable to plaintiff in accordance with the earlier finding that the 1944 trust was controlled by plaintiff. The court then held that the 1945 trust, whose assets included those of the 1944 trust beginning with June 2, 1945, was invalid, and that plaintiff was therefore the beneficiary of a resulting trust, and taxable on the trust income except for $13.10 actually paid to the income beneficiary. It further disapproved a charitable deduction taken by plaintiff upon his creation of the invalid 1945 trust. D.C.N.D.N.Y., 190 F.Supp. 752. Plaintiff now appeals from the resulting judgment dismissing his complaint.

The government concedes the correctness of the finding of merger, and we are therefore concerned with the terms of the 1945 trust alone. The assets of the trust, consisting of certain bonds and

the assets of the 1944 trust, were transferred to three trustees, who were to hold the trust property in Massachusetts or in Pennsylvania and to administer the assets in those states. The instrument was expressly made subject to the laws of Pennsylvania. Until the year 2444, the American Unitarian Association, of 25 Beacon Street, Boston, Massachusetts, would be the income beneficiary, to receive "expendable income" and all other income not lawfully subject to accumulation. "Expendable income" was defined as 1/500th of the income of the trust property multiplied by the number of years which have elapsed since July 5, 1944. In the year 2444, the principal and accumulated income of the trust would be paid to the State of Pennsylvania.

■ The three alleged grounds of invalidity are: (1) the trust violates the rule against remoteness of vesting; (2) the accumulation provisions are invalid; (3) the trust violates public policy. The first ground is clearly untenable. Aside from the fact that Pennsylvania's remainder interest appears to be vested, there is the principle that a future interest for a charitable purpose is exempt from the rule against perpetuities if preceded by a present interest for a charitable purpose. See Gulliver, Cases and Materials on the Law of Future Interests 508 (1959); 4 Restatement, Property §§ 396–398 (1944); Restatement, Trusts 2d § 401, comment *f* (1959).

■■ The second contention, that the trust provides for an unlawful accumulation, was adequately answered by the district court as follows: "He [plaintiff] made certain, however, by the terms of the instrument that the accumulations contemplated and required thereby were limited to those which were lawful. This is made clear by the provision of paragraph Sixth—'Said Trustees shall annually pay over said expendable income and all other net income hereunder which is not lawfully subject to accumulation under the terms hereof, to the American Unitarian Association. * * *' It would seem to follow that by the terms

of the instrument itself, the accumulations of income are limited to those which are lawful and the defendant's claim of unlawfulness and therefore taxability to the plaintiff cannot be sustained." D.C. N.D.N.Y., 190 F.Supp. 752, 757. As the district court noted, under the law of both Pennsylvania and New York, if the direction for accumulation were invalid, the income would be paid out to the income beneficiary, and the settlor would not be entitled to any of the income under the theory of resulting trust. See Comment to subdiv. (b) (1) of tit. 20, § 301.8, Pa.Stat. (Purdon), summarizing Pennsylvania law at the time the 1945 trust was created; In re Hoyt, 116 App. Div. 217, 101 N.Y.S. 557, affirmed 189 N. Y. 511, 81 N.E. 1166, holding that where the direction for accumulation is void an alternative legal disposition of the income will be effective; In re Hirschhorn's Estate, 22 Misc.2d 898, 196 N.Y. S.2d 436, 438.

■ These same considerations dispose of the third ground of asserted invalidity—that the trust violates public policy. The district court found that "The plaintiff's long time advocacy of his theory of 'cumulative endowment,' his emphasis upon unrestrictive accumulations, and his choice of the State of Pennsylvania as the ultimate beneficiary for the reason that he believed that its laws permitted such accumulations, lead to the finding that the provision for accumulation was an essential part of his scheme, which together with the unreasonably long period provided therefor, destroys the charitable nature of his gift." D.C. N.D.N.Y., 190 F.Supp. 752, 758. But whether or not the 500-year accumulation provision was an essential part of his scheme, the settlor clearly indicated the purpose to which income should be put in case he could not obtain the full accumulation he desired. Thus the trust was not an attempt to achieve a concentration of wealth forbidden by public policy, but expressly contented itself with achieving only that degree of concentration which public policy will permit.

Furthermore, so long as the trust property is devoted to charitable uses, the trust is "charitable," notwithstanding that the settlor's motive may have been a desire to prove his economic theories rather than to benefit humanity. "It is the purpose to which the property is to be devoted which determines whether the trust is charitable, not the motives of the testator in giving it." 4 Scott, Trusts § 348 at 2551 (2d Ed. 1956), quoted with approval in Abel v. Girard Trust Co., 365 Pa. 34, 73 A.2d 682, 685. The American Unitarian Association is conceded to be a valid charity; and a trust for a state is charitable, although the particular method of applying the property is not provided for. 4 Scott, Trusts § 373.1 (2d Ed. 1956). From its inception the trustees are obligated to apply the trust property only to charitable purposes, and to none other. Accordingly the trust is a valid charitable trust; and it was error to hold plaintiff taxable on its income, and to deny him a charitable deduction for the fair value of the property transferred to the trust in 1945.

The remaining question concerns the tax assessed against plaintiff on the income of the 1944 trust prior to its merger into the 1945 trust. The Commissioner's deficiency statement asserted no income taxable to plaintiff from the 1944 trust, and plaintiff contends that the Commissioner is therefore now barred from sustaining the assessment as based in part upon income derived from that source. It seems clear, however, that the Commissioner intended to include this income from the 1944 trust in the assessment directed at the 1945 trust, into which the former had merged. On the first trial, the 1944 and 1945 trusts seem to have been considered as one fund, and the district court found that the Commissioner's reference to the 1945 trust was intended to embrace the 1944 trust as well. D.C.N.D.N.Y., 166 F.Supp. 694, 697. Accordingly, plaintiff's objection is simply one to the terminology employed in describing the income from the 1944 trust, not to the failure to refer to that income. Since the intention to refer to that income was obviously clear to plaintiff, it was a sufficient description.

The judgment below is affirmed in so far as it relates to the income from the 1944 trust prior to its merger into the 1945 trust; otherwise the judgment is reversed, and the case remanded.