Joseph A. Cox, S.
In this proceeding for the settlement of the final account of the executors and for fixation of the attorneys’ fees, the special guardian has raised a question with respect to the payment of legacies to his wards who were servants in the employ of the testator at the time of his death. Freda Laber, one of the persons for whom the special guardian is acting, died on February 6, 1953, a patient in an old persons home in The Bronx known as the Evangelical Home for the Aged. Upon entering the home, Miss Laber had executed an assignment purporting to transfer all property then in her possession and which she might thereafter receive to the institution. She also left a will naming the home as her only beneficiary and nominated the president of the institution as her executor. The special guardian reports that the will has never been offered for probate nor has the assignment been recorded. It appears that Miss Laber was survived by at least one sister, now deceased, as her distributee.
Ernest Wilson, the other of the persons for whom the special guardian is acting, disappeared sometime in 1958 and his whereabouts is unknown at this time though both the executors and the special guardian have made diligent effort to locate him.
The question raised by the special guardian is concerned with the effect to be given to the following directions in the will which are to be found in its eighth article. After directing the division of his estate into 100 parts, the testator gave one such part to the executors 11 to divide and distribute the same in such proportions and manner as they may deem advisable among the household servants in my home, 12 West 49th Street, New York, N. Y. who may be in my employ at my decease ”. This bequest, the petitioners contend, was qualified by the direction in the final paragraph of article Eighth which follows: “ should any beneficiary named in this Article Eighth be disqualified or incompetent-to receive the part or parts set opposite its name or should not be in existence or be not functioning at the time of my decease, then and in such event it is my specific will and absolute direction that the part or parts of such party or parties shall be distributed and disposed of by my executors to such *620 other party or parties named in this Article Eighth and in such proportion, division and manner as in their absolute judgment they may deem best
In the exercise of the discretion permitted under the will, the petitioners set up a schedule of distribution of the one part share of the residuary estate and allocated to Freda Laber a 4% interest therein and to Ernest Wilson a 6%% interest. Prior to the death of Miss Laber and the disappearance of Wilson, distributions on account of the bequest were made to the servants in the percentages indicated. Proposing on this accounting to make a further distribution, the executors have eliminated Miss Laber and Wilson or their estates as recipients. The special guardian takes the position that having apparently set aside and assigned a specific portion of the bequest to each of his wards and having made distribution on that basis prior to their death and disappearance respectively, petitioners have exhausted the discretion permitted them under the quoted provisions of article Eighth.
The provision of the will dealing with the circumstances existent at the time of the death of the testator has been previously construed.
Surrogate Frah"kbíi"thalbr in Matter of Cromwell (198 Misc. 114) held that the American Society for Bussion Belief, Inc., could not qualify for the specific bequest provided it in the will because its activities had come to an end at the time of the testator’s death, with the result that it was regarded as “ not functioning at the time of my decease”, (p. 115). The decision, of course, dealt with an entity other than an individual but it is significant in the fact that the date of the testator’s death was fixed in the compass of his instructions as the time for the establishment of the rights of persons or charitable institutions to share or be disqualified from sharing in the estate.
The court is of the view that circumstances subsequent to the date on which a legatee qualified to participate in the distribution of the legacies could not operate to divest him or his estate of benefits payable later. Nothing in the language employed by the testator suggests that he entertained another view of the situation. It appears that he was talking in terms with reference only to the state of affairs prevailing “ at the time of my decease ”. The situation may be likened to that in which a fiduciary is given the right to withhold payment of the income on a legacy in his discretion or to make periodic payments of the same. This discretion in no wise affects the right of the legatee or of his estate to the full payment of the bequest either at his death or at the time fixed for final transfer. (Matter of Boelsen, *621 128 N. Y. S. 2d 465; Matter of Hoyt, 116 App. Div. 217, affd. 189 N. Y. 511.) For the reason stated the court upholds the objections of the special guardian and the fiduciaries will be directed to make distribution of the bequest to his wards in the proportions formerly employed. If at the time of the entry of the decree the whereabouts of the legatee Wilson are still unknown and no representative of the estate of the legatee Laber has been appointed, deposit of the legacies for their benefit may be made with the Treasurer of the City of New York. The court fixes the allowance to counsel for the petitioners in the amount requested and disbursements may be taxed as specified.