Joseph A. Cox, S.
In this proceeding to settle its intermediate account the trustee has requested the court to construe article Second of the testator’s will to determine the meaning and legal effect of the disposition of the trust income made thereunder. The pertinent text of the article in question reads as follows:
“ ALL THE BEST, RESIDUE AND REMAINDER of my property, of every kind whatsoever and wheresoever situated, I give and bequeath to my Trustees hereinafter named, in trust, however, for the uses and purposes following:
‘ ‘ To apply the income thereof and so much of the principal thereof as may be necessary to make monthly payments to her of Four Hundred ($400) Dollars each, to the use of my said wife, Marie Elodia Morrill, during her life or until her remarriage, and upon her death or remarriage, whichever event shall first occur, to convey, transfer and pay over the principal thereof or so much thereof as may then remain as follows ”.
At the time the trust was established and for several years thereafter the annual net income of the trust was less than $4,800 per annum and pursuant to the testator’s explicit direction the principal of the trust was invaded from time to time in amounts sufficient to make up the required payments of $400 per month. In recent years, however, the net income has been in excess of $4,800 per annum and as a result several problems are now posed for decision. First, the court is asked to determine whether the income beneficiary is entitled to receive all the trust income earned annually or only $4,800 per a.nnnm payable at the rate of $400 per month. Secondly, we are requested to determine whether the income in excess of $400 per month or $4,800 per annum is to be accumulated and added to the trust principal, whether such excess income is to pass as intestate property or whether it is to be distributed to the next eventual estate pursuant to the provisions of section 63 of the Real Property Law. The third group of questions presented requires a ruling as to whether, before the distribution of any of the excess income, the principal of the trust must first be reimbursed in an amount equal to all the invasions of principal made during *260 the duration of the trust, whether the principal should be reimbursed only in an amount equal to the invasion of the principal made for the benefit of the income beneficiary during the year in which excess income is earned, or whether under the terms of this will any reimbursement of principal is required under any circumstances.
A reading of the decedent’s will and codicil which were admitted to probate is clearly decisive of the first issue. Under the first article the testator gave all his real property and tangible personal property to his wife. Under the second article he created a trust of his residuary estate for the benefit of his wife. The language employed by the testator “ To apply the income ’ ’ clearly indicates that he contemplated the creation of a trust and did not intend to create an annuity. It is obvious that the testator’s primary concern was to provide for his wife and the direction to apply the income or so much of the principal necessary to provide payments to her of $400 per month for life or until her remarriage, coupled with the provision to pay over the principal thereof or so much thereof as may remain upon her death or remarriage, plainly illustrates the testator’s intent that his wife was to receive at least a minimum of $400 per month either out of income or principal even if it required the exhaustion of the principal of the trust. Whether or not any fund remained for distribution to his sister or nephews and nieces was of secondary consideration in this testator’s testamentary plan. The welfare of his wife was evidently uppermost in the decedent’s mind and the mlm'rmrm of $400 per month required to be paid to her was merely a recognition by the testator of the limited extent of his resources and did not constitute a ceiling on the amount of income to be paid to her. (Matter of Hirschhorn, 22 Misc 2d 898, affd. 12 A D 2d 604; Matter of Hoyt, 116 App. Div. 217, affd. 189 N. Y. 511; Matter of Post, 145 Misc. 794.)
The court therefore holds that the widow is entitled to all of the trust income earned in any year (either calendar or fiscal according to the trustee’s accounting practice) even if it exceeds the sum of $4,800.
The will before us contains broad and elaborate provisions with respect to the trustee’s investment powers which free the trustee from the restrictions contained in section 21 of the Personal Properly Law and authorizes the retention of any securities owned by the decedent at the time of his death. It is reasonable to assume under such circumstances that the testator who owned United States Treasury Bonds and common and preferred stock of many public corporations at the time of his *261 death, was fully cognizant of the irregularity of corporate dividend periods and knew that the income from these securities in some months would greatly exceed the income received in others. Corporate dividends are usually paid quarterly. Bond interest is often paid semi-annually. Bank interest is usually credited quarterly. It would be almost impossible to invest the trust principal to provide for regular monthly payments of $400 each month. The provision to provide his wife with the fixed and regular income of at least $400 per month was a recognition of this fact and served to avoid any uncertainty of income. Under all standard tax and accounting procedures income is calculated on an annual basis and it would be pointless to place upon this will a construction which flies in the face of these practices. The logic of the situation, therefore, dictates a holding that the direction to pay his wife $400 a month was equivalent to a direction to pay her at least $4,800 per annum. However, any excess income received during the course of any one year must first be used to reimburse the principal of the trust for the invasions required to assure the life income beneficiary of her regular payments of $400 per month during that year (New Haven Bank, v. Hubinger, 117 Conn. 417; Stempel v. Middletown Trust Co., 127 Conn. 206; see, also, Ann. 157 A.L.R. 668). No reimbursement out of excess income is required with respect to invasions made in prior years in which the income produced by the trust was less than $4,800 per annum (Matter of Hurley, 144 Misc. 195; Matter of Morten, 196 Misc. 398).
The decedent in this matter was a resident of New Hampshire and his will was admitted to probate in this court pursuant to the provisions of subdivision 2 of section 45 of the Surrogate’s Court Act. Although under such circumstances the law of New Hampshire is applicable the briefs submitted indicate that the law of New Hampshire parallels the law of New York on the questions here presented. In any event the paramount consideration as always in questions of construction is to determine the intent of the testator and when ascertained such intent must be carried out (Matter of Buechner, 226 N. Y. 440).
The fees of the attorneys for the trustees are allowed in the amount requested.