` Anita G. GOLDIN, etc., Appellant,

v.

The KENTUCKY TRUST COMPANY et al., Appellees.

Court of Appeals of Kentucky.

April 25, 1969.

Lawrence S. Grauman, Louisville, for appellant.

Alex Berman, Homer Parrent, Jr., Louisville, for appellees.

DAVIS, Commissioner.

The question before us involves construction of the will of Moses W. Ades

with particular reference to the following portion of that will:

"D. Three years following my death, and for each year thereafter, my said Trustees shall pay to my dear daughter, Anita G. Goldin, the sum of $5,000.00 per year, to be paid quarterly at the rate of $1,250.00 each three months. In the event the income is insufficient to make the payments in the amount herein set out, the Trustees are authorized and empowered to encroach upon the principal to provide the payments as stated.

E. Upon the death of my daughter Anita G. Goldin during. the term of the Trust or if my daughter pre-deceases me, then the children of my daughter, Anita, shall receive the sum of $5,000.00 per year, share and share alike. When the respective child reaches the age of 30 years, the Trust shall cease as to that child, and the entire principal and interest to which he is entitled, shall be delivered to him outright."

It appears that the trust estate created by the testator has produced income slightly in excess of $5,000 per year. It is the contention of the appellant that she is entitled to the entire annual net income produced by the trust estate even though that sum exceeds $5,000. The trial court adjudged that the appellant is not entitled to receive more than $5,000 annually from the trust fund, regardless of whether the fund produces a sum greater than $5,000 annually.

In attacking that decision of the trial court, the appellant cites and relies heavily upon Hunsinger v. Rouse, Ky., 344 S.W.2d 812; First National Bank of Kansas City v. Stevenson, Mo., 293 S.W.2d 362; In re Rosenkampff's Will (Surrogate's Court), 144 N.Y.S.2d 43; and In re Estate of Morrill (Surrogate's Court), 49 Misc.2d 258, 267 N.Y.S.2d 285.

In Hunsinger, this court construed a will which provided for payment of $50 per month for one of the testator's daughters as fixing a minimum payment. It was held in Hunsinger that the daughter was entitled to all of the income annually accumulated from the share of the estate placed in trust for her benefit. In reaching that conclusion we cited and relied upon First National Bank of Kansas City v. Stevenson, Mo., 293 S.W.2d 362, and In re Rosenkampff's Will, 144 N.Y.S.2d 43. It was pointedly noted in Hunsinger that the ultimate beneficiaries of that portion of the estate placed in trust for the testator's daughter were "a faceless class of 'heirs' or grandchildren who might be born of a marriage that may never take place." In short, the court reached its conclusion in Hunsinger on the premise that the intention of the testator, as gleaned from the four corners of his will, impelled that result. It was noted in Hunsinger that the testator's primary concern was for his daughter, the beneficiary of the trust. That factor was related in the opinion as the "common ground" of Hunsinger with the two cases cited in the opinion.

In 157 ALR 668, et seq., is an annotation relating to the rights in respect of surplus income ˊ from a trust in excess of the amount directed to be paid. In that annotation is reiterated the familiar comment of Sir William Jones that "no will has a brother." On that principle it is often noted that precedents have less value in cases involving construction of wills than in any other branch of the law. The rule is succinctly stated at 157 A.L.R. 669;

"Perhaps the most fundamental of these principles is that the intention of the creator of the trust is to be sought and given effect if it is not contrary to law."

Cited in support of that statement is Fidelity & Columbia Trust Co. v. Cornett, 277 Ky. 619, 126 S.W.2d 1079. In the latter case this court concluded that the testator intended for the trustee to retain surplus income for security of future annual payments to his widow. The important point is that the intention of the testator was deemed to be the dispositive factor.

In the case at bar the testator very specifically directed that $5,000 per year be paid to his daughter at the quarterly rate of $1,250. He did not deal with a "faceless" class of heirs as was the situation in Hunsinger v. Rouse, Ky., 344 S.W.2d 812. The ultimate beneficiaries (subject to the power of appointment reposed in the testator's daughter) are the children of Mrs. Goldin, both of whom were known by the testator when he prepared his will. It is our view that the intention of the testator, as gathered from the entire will, was that his daughter should receive $5,000, no more and no less, during each year of the trust's duration. We have no circumstance here as existed in Hunsinger and the other authorities relied upon by appellant to warrant a finding that the testator intended that the income in excess of $5,000 should be distributed to the trust beneficiary.

The judgment is affirmed.

All concur.