OPINION OF THE COURT
C. Raymond Radigan, J. .
The application to judicially settle the account which is intermediate as to the surviving trustees and final as to the deceased trustee is granted. Letters appointing Frank T. Hopkins successor trustee in accordance with the terms of the will and the agreement of the surviving trustees shall issue without the necessity of filing a bond. There being no objection to the additional relief requested, the payment of commissions, attorney’s fees and disbursements is likewise granted. The only issue requiring determination involves the accumulation of trust income. Article seventh of the decedent’s will provides, in relevant part: “The direction herein made to pay the income to any beneficiary of any trust is not mandatory and the Trustees may at any time in their discretion apply the net income from the trust created for such beneficiary for whom application is to be made, for the use, education, maintenance and support of such beneficiary. In making application of income for use of any beneficiary, the Trustee may make such application either by payment thereof for the benefit of such beneficiary or any other person or corporation for *219 the benefit of such beneficiary and the receipt of such person or corporation for all payments so made shall be a full discharge to any Trustees for all such payment.”
The trust has produced more income than can be used by or applied to the use of the income beneficiary, who was adjudged an incompetent by a decree of a Pennsylvania court and a guardian was appointed for her. The petitioners who are trustees and the executor of the estate of a deceased trustee have accumulated the income not expended for the use of the income beneficiary and have acted as custodians of such funds, neither requesting nor receiving any commissions. Upon the legal opinion of counsel they have not distributed the surplus income to the guardian but have continued to administer it separately from the Other trust assets.
Under the present statute, EPTL 9-2.1 (subd [a]), “All directions for the accumulation of income are void unless authorized by statute.” The statute further provides that a direction for the accumulation of income will be valid if it begins and terminates within the time allowed by the rule against perpetuities. EPTL 9-2.1 to a great extent combines and re-enacts former section 61 of the Real Property Law and former section 16 of the Personal Property Law, which restricted accumulations of income to a time measured by the minority of an infant. The minority rule was in effect at the effective date of the trust, and the amendment enacting the present rule against perpetuities is only prospective in nature (L 1959, ch 454).
Concerning the disposition of the accumulated income, EPTL 9-2.3 is controlling where income is undistributed and no valid direction to accumulate is given. It provides that when income is not disposed of and no valid direction is given for its accumulation, it passes to the persons presumptively entitled to the next eventual estate (9B Rohan, NY Civ Prac, par 9-2.3 [3]).
“A Law Revision Commission Study of Perpetuity and Accumulations questions noted in part:
“The ‘persons entitled to the next eventual estate’ are the persons who would presumptively be entitled to the estate at the end of the period of accumulation. This may *220 be the remainderman, a successor life tenant or legatee or the residuary legatee, or the life beneficiary himself.
“This section has been declared all-embracing and as providing an exclusive rule of devolution in those situations contemplated by its provisions * * * On the other hand, the statute has been held inoperative if its application would result in circumventing the basic principle of the statutes (as they stood before amendment) invalidating all accumulations not for the benefit of minors.” (9B Rohan, NY Civ Prac, par 9-2.3 [3].)
Whenever it is feasible to interpret the income interest so that it does not violate the rule against accumulations, such an interpretation will be given effect. Moreover, there have been will constructions which have strained to preserve the validity of trust directives even where an explicit instruction to accumulate had to be excised and it was clear that not all income had been disposed of (Matter of Hoyt, 116 App Div 217, affd 189 NY 511).
Where discretion is vested in the trustee to apply income, the retention of part of the income by him does not constitute a void accumulation. Any unexpended income remains the property of the income beneficiary (Bloodgood v Lewis, 209 NY 95; Hamilton v Drogo, 241 NY 401; Matter of Post, 145 Misc 794). By following the line of cases which presumes an intent on the part of the testator to make only valid dispositions, the court construes the will so that there is no “income not disposed of”, making it unnecessary to identify the next eventual estate (Matter of Sacchi, 36 AD2d 597; compare Matter of Willoughby, 49 AD2d 945).
In view of the foregoing, the income presently in the hands of the trustees continues to be property of the income beneficiary and at her death passes by will or intestacy (Matter of Watson, 262 NY 284; EPTL 11-2.1; Matter of Outerbridge, 91 Misc 2d 686).
Accordingly, the request for approval of a custodian agreement entered into between the trustees and the guardian with the approval of the guardian ad litem appointed for the income beneficiary, is granted. The fees payable to the trustees as custodians of the income interest, as set forth in the July 2,1982 agreement are substan *221 tially less than if the calculations were made by following the commission statute. They are therefore reasonable and approved.